PER CURIAM.
The original opinion is withdrawn and the following corrected opinion is substituted therefor.
On April 25, 1978, appellants suffered summary judgment. On May 26,1978, they filed a “MOTION FOR RECONSIDERATION AND MOTION FOR STAY” which we consider to be a Rule 59 ARCP motion. This appeal is due to be dismissed for two reasons. First, the motion was filed more than 30 days after entry of judgment and therefore is untimely. Second, had the motion been timely filed, the appeal was not taken within 42 days after the motion was deemed denied by operation of Rule 59.1, ARCP. The trial court ordered a stay (pursuant to Rule 62(b), ARCP) and 45 days “to file specific reasons why this Court should reconsider its order of April 25, 1978.” We need not decide the effect of this order because, under State v. Wall, 348 So.2d 482 (Ala.1977), a post-trial motion is “pending” as of its date of filing.
Under Rule 59.1, the post-trial motion filed by appellants on May 26, 1978, could not remain “pending” more than 90 days. Because the motion was not disposed of by the trial court within the 90-day period and the period was not extended by express consent of all the parties, the post-trial motion was automatically denied August 24,1978 (90 days after its filing). Although the trial judge entered an order September 6, 1978, purporting to deny the motion, it was functus officio coming after the 90 days had run. Thompson v. Keith, 365 So.2d 971 (Ala.1978).
Thus, appellants’ appeal filed October 10, 1978, more than 42 days after August 24, 1978, was not timely and appellee’s motion to dismiss is due to be granted.
APPEAL DISMISSED.
TORBERT, C. J., and BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.