This is a divorce case. The issue is whether by operation of Rule 59.1, ARCP and Rule 4, ARAP, the appeal herein was untimely filed.
The wife filed a complaint for divorce on September 28, 1978. On May 1, 1979, final judgment was entered awarding custody of the parties' minor children to the wife, ordering child support and alimony payments by the husband and making a division of the parties' property.
On May 30, 1979, the wife filed a post-trial motion seeking a new trial, reconsideration and modification of the judgment, or relief from judgment pursuant to Rule 60 (a), (b), ARCP. On August 29, 1979, an agreement, signed by counsel, to extend the time for a ruling on the motion was filed with the trial court.
An order denying the motion was entered on September 24, 1979. The wife filed notice of appeal on November 1, 1979.
Although the wife's post-trial motion includes a reference to relief from judgment pursuant to Rule 60 (a), (b), ARCP, we consider the motion to have been a motion for new trial or to alter, amend, or vacate the judgment under Rule 59. The *Page 624 
motion was filed within the 30-day limitation of Rule 59. The relief sought is available under Rule 59, and the grounds stated upon which relief is sought are grounds for a new trial and thereafter an appeal. The motion clearly attacks the judgment of the court and cannot be considered a motion for relief from judgment under Rule 60 (a) or (b). Rule 60 cannot be used as a substitute for appeal or to extend the time for filing an appeal. Carnes v. Carnes, 365 So.2d 981 (Ala.Civ.App. 1978), cert. denied, 365 So.2d 985 (Ala. 1979).
Rule 59.1, ARCP, provides in pertinent part:
 No post-trial motion filed pursuant to Rules 50, 52 or 59 shall remain pending for more than 90 days, unless with the express consent of all parties, which consent shall appear of record,. . . . A failure by the trial court to dispose of any pending post-trial motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.
By operation of this rule the wife's motion was denied on August 28, 1979, the ninetieth day after filing of the motion. Although the parties filed an agreement with the trial court pursuant to Rule 59.1, consenting to an extension of the ninety-day period, the agreement was not filed until August 29, 1979, the ninety-first day. The motion having been denied on August 28 by operation of the rule, the agreement was of no effect. The parties' consent to an extension of time under Rule 59.1, ARCP, must be filed prior to the expiration of the ninety-day period. State v. Wall, 348 So.2d 482 (Ala. 1977);Coosa Marble Co. v. Whetstone, 294 Ala. 408, 318 So.2d 271
(1975); Personnel Board for Mobile County v. Bronstein,354 So.2d 8 (Ala.Civ.App. 1977).
Rule 4 (a)(3), ARAP, provides that where a post-trial motion is deemed denied by the expiration of ninety days as provided in Rule 59.1, the time for appeal begins to run from the date of denial of the motion under Rule 59.1. Coosa Marble Co. v.Whetstone, supra.
Rules 4 (a)(1) and (3), ARAP, provides that appeals from final judgments or post-trial motions must be taken within forty-two days of said judgment or order.
The notice of appeal in this case was filed in the trial court on November 1, 1979, which was twenty-three days too late. This court has no jurisdiction in this case and we have no alternative but to dismiss the appeal. Olson v. Olson,367 So.2d 504 (Ala.Civ.App. 1979).
APPEAL DISMISSED.
BRADLEY and HOLMES, JJ., concur.