This is a mandamus proceeding challenging the authority of a trial court to set aside a summary judgment more than ninety (90) days after the filing of an application for rehearing (filed within 30 days of the summary judgment). Stated differently, does the ninety (90) days limitation of ARCP rule 59.1 apply to an application for rehearing of the granting of a summary judgment so as to deny the trial court the jurisdiction to rule on the motion?
Post trial motions filed within 30 days of the judgment have generally been held to be ARCP rule 59 motions subject to time limitation of rule 59.1. Holt v. First National Bank of Mobile,372 So.2d 3 (Ala. 1979) (motion to set aside judgments dismissing the action treated as rule 59 motion subject to rule 59.1); Cleveland v. Hare, 369 So.2d 1226 (Ala. 1979) (motion for reconsideration of granting of summary judgment treated as rule 59 motion subject to rule 59.1). We hold that this application for rehearing was a rule 59 motion subject to application of rule 59.1. We decline to follow *Page 74 
respondent's invitation to treat the motion as a motion for relief under ARCP rule 60 (b) on authority of Simmons v.Simmons, 390 So.2d 622 (Ala.Civ.App.), cert. denied,390 So.2d 624 (Ala. 1980) and Carnes v. Carnes, 365 So.2d 981
(Ala.Civ.App. 1978), cert. denied, 365 So.2d 985 (Ala. 1979). Therefore, the trial court lacked jurisdiction to grant relief from the summary judgment. Thompson v. Keith, 365 So.2d 971
(Ala. 1979).
The petition for mandamus is granted unless the trial court within 14 days vacates its order of July 1, 1981, which set aside the summary judgment order of March 5, 1981.
MANDAMUS GRANTED CONDITIONALLY.
All Judges concur.