Perry Sexton and his wife Deborah appeal the summary judgment granted in favor of Walter Prisock.[1] We affirm.
Perry was an employee of the City of Satsuma, Alabama. He sued his two co-workers, Claude Weaver and Marvin Barlow, and his supervisor, Walter Prisock, for injuries he incurred during the course of his employment, which consisted of cleaning out ditches, cutting trees, hauling dirt, running a back hoe, filling holes, and a number of other things.[2] Summary judgment was granted in favor of Weaver and Prisock, and that judgment was made final pursuant to Rule 54 (b), Ala.R.Civ.P. The claim against Barlow remains pending. This appeal concerns only the summary judgment as to Prisock.
On February 2, 1984, Perry and his two co-workers were cutting down trees in a ditch in front of Satsuma High School, as requested by Prisock, when Perry was struck on the head by a falling tree. Prisock was not with the three men when the injury occurred. Prisock stated that the men had been working at this particular site for four or five days prior to Perry's injury. Perry could not specifically recall the length of time they had been at this site but stated that they had been there for at least one or two days prior to his injury.
Perry claims that Prisock was negligent in failing to give him instructions on how to safely perform the tasks assigned to him; in failing to warn him of the dangers associated with his assigned tasks; and in failing to provide safety helmets.
Prisock argues that this appeal was not timely filed but that if it was, summary judgment was proper because he did not owe a duty to warn of open and obvious dangers and nothing he did or failed to do proximately caused Perry's injury.
 Timely Filing
Summary judgment was granted on June 14, 1985. On that same day the court made that summary judgment final pursuant to Rule 54 (b), Ala.R.Civ.P. Perry filed a motion entitled "Motion for Relief from *Page 583 
Order" on June 27, 1985. This motion was denied on August 9, 1985. On September 20, 1985, 42 days from the August 9 entry, Perry filed this appeal from the order of June 14.
Prisock argues that the "Motion for Relief from Order" is a motion pursuant to Rule 60, Ala.Civ., which does not suspend the running of the time for filing a notice of appeal. Therefore, he says, the appeal from the June 14 order should have been filed by July 26, 1985, in order to be timely.
Although Perry's motion includes a reference to relief from judgment pursuant to Rule 60, Ala.R.Civ.P., we consider the motion to have been one properly brought under Rule 59, A.R.Civ.P., which provides for motions for new trial or to alter, amend, or vacate the judgment. The motion was filed within the 30-day limitation of Rule 59, and the relief sought was available under Rule 59. The motion cited no grounds for relief which fall under Rule 60. See Simmons v. Simmons,390 So.2d 622 (Ala.Civ.App.) cert. denied, 390 So.2d 624 (Ala. 1980).
A motion filed under Rule 59 extends the time for filing a notice of appeal even though the motion follows the granting of a summary judgment. Morris v. Merchants National Bank ofMobile, 359 So.2d 371 (Ala. 1978). Accordingly, the notice of appeal in this case was timely filed.
 Summary Judgment
Summary judgment is proper only in the absence of any genuine issue of material fact, and, in determining whether there is such a genuine issue, the record must be viewed in a light most favorable to the non-moving party. Secrist v. Mark IVConstructors, Inc., 472 So.2d 1015 (Ala. 1985).
Perry argues that Prisock should have been present at the job site in order to supervise and warn him and his co-workers of falling trees. However, this Court has previously written:
 "There is no duty to warn when the danger is fully known to the party who was injured. Crawford Johnson Co. v. Duffner, 279 Ala. 678, 681, 189 So.2d 474, 476 (1966). Similarly, there is no duty to warn of open and obvious defects which the injured party should be aware of in the exercise of reasonable care. Shaw v. City of Lipscomb, 380 So.2d 812, 814
(Ala. 1980); Tice v. Tice, 361 So.2d 1051, 1052
(Ala. 1978); Hand v. Butts, 289 Ala. 653, 656, 270 So.2d 789, 791 (1972). The law does not require the doing of a useless act."
Owens v. National Security of Alabama, Inc., 454 So.2d 1387,1389 (Ala. 1984).
According to Perry's own deposition testimony, he was aware of the need to be careful when cutting down trees and he knew how to operate a chain saw. In fact, there was evidence that Prisock warned Perry each morning before work began to be careful while cutting down trees. Since Perry had been cutting trees for at least one day before the date of his injury, we must conclude that he knew or should have known of the dangers incidental to falling trees. A falling tree is something which is expected when one is cutting down trees. Under these circumstances, we hold that Prisock had no duty to warn Perry of the danger posed by falling trees.
Perry also argues that safety helmets should have been provided by the city. Perry stated that he had never requested a safety helmet and that safety helmets had never been used during the year he worked for the city. Perry testified in his deposition:
 "Q. And there wasn't any other — was there any other kind of piece of equipment or tool that you could have had with you that would have prevented this?
"A. Safety equipment, helmets.
"Q. A helmet. Anything else?
"A. I guess that is all.
 "Q. If you had a helmet on — where were you struck on the head? On the top or the back or where?
"A. Kind of on the top and on the side.
"Q. So, you think a helmet might have prevented it? *Page 584 
"A. Yes, sir."
We hold that Perry's testimony that a helmet might have prevented his injury does not create a genuine issue of material fact and, therefore, that summary judgment was appropriate. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ. concur.
[1] Deborah Sexton has a derivative claim for loss of consortium. Since her claim is dependent upon Perry's claim, the remainder of this opinion will refer only to Perry.
[2] This co-employee lawsuit was filed in 1984, before the effective date (February 1, 1985) of the amendment to Alabama Code 1975, §§ 25-5-1 et seq., which prohibits co-employee lawsuits unless willful conduct is involved.