JONES, Justice.
William J. Matkin, Jr., and Verda Ileen Matkin appeal from an order of the Morgan County Circuit Court denying their claim against the estate of James R. Smith for $25,800. The Matkins’ claim is based on a previous judgment of the circuit court holding Smith in contempt of a permanent injunction issued in favor of the Matkins.
Prior to his death, Smith owned and operated a chicken farm in Lacy Springs. The Matkins alleged in two separate civil actions filed in 1982 and 1983 (a third civil action was filed in 1985 by the Alabama Department of Environmental Management) that Smith had dumped waste, carcasses, and fecal material from his chicken houses onto their adjacent property. Testimony indicated that the dumping polluted a stream running through the Matkins’ property and was a direct cause of Ms. Matkins’ contraction of histoplasmosis. On September 27,1985, Smith was held in contempt of a court order to remove more than 60,000 chickens from his property and to cease *878 operation of his poultry business. He was fined $100 per day until he complied.
On October 2, 1985, Smith filed a motion to “dissolve or modify” the contempt order and to “reopen and receive additional evidence,” but the trial court failed to rule on the motion prior to Smith’s death on February 25,1986. The Matkins filed their claim against Smith’s estate on June 9, 1986, calculating it by the accumulation of the daily fine. While the probate proceeding was pending, however, the trial court, on June 30, held that only one of the three previous civil proceedings against Smith had been “submitted” for final judgment; therefore, the court “[considered] the case to be in the same posture as at the time of the jury verdict,” and the September 27 order was set aside.
The probate of Smith’s estate was removed to circuit court, and the Matkins’ claim was subsequently denied, based on the June 30 order. The limited issue presented for review is whether Rule 59.1, A.R.Civ.P., operates to overrule Smith’s October 2 motion, thus time-barring the trial court’s order of June 30, and, if so, what relief the Matkins are entitled to from the estate in light of the September 27 contempt order.
Rule 59.1, A.R.Civ.P., provides that no post-judgment motion pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than 90 days; the failure of the trial court to “dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion.” Further, a Rule 60(b), A.R.Civ.P., motion to set aside a judgment cannot be substituted for a Rule 59, A.R.Civ.P., motion for new trial. Oldemoppen v. Walther Builders, 402 So.2d 884 (Ala.1981).
Based on the facts of record before us, we hold that the trial court’s order of June 30 was ineffective to set aside its permanent injunction of September 27, 1985.[1] See Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala.1979). Therefore, the circuit court’s judgment in the instant case, denying the Matkins’ claim against Smith’s estate, failed to recognize the validity of the injunction order in the prior litigation between the parties. We further hold, however, that Smith’s October 2 motion, seeking additional testimony and relief from the injunction on grounds of a material change of circumstances, was procedurally valid and not subject to Rule 59.1. While we interpret that portion of the October 2 motion requesting the trial court to allow additional testimony (in effect, a motion for new trial) as having been overruled, as a matter of law, pursuant to Rule 59.1, we interpret that portion of the motion seeking relief from the imposition of a daily fine, based upon allegations of changed circumstances, as falling outside the purview of Rule 59.1. Accordingly, the judgment appealed from is reversed, and this cause is remanded for further proceedings.[2]
The notice given by Smith, pursuant to the injunction orders, effectively tolled the imposition of the daily fines for contempt as of October 2, 1985. Consequently, the viability of the Matkins’ claim is conditioned upon the yet unresolved motion for relief from the contempt order of September 27, 1985. On remand, if the trial court determines that Smith’s motion to expunge the injunction sanctions was well taken as of. October 2, then the Mat-kins’ claim shall be limited to $600. Otherwise, the circuit court shall sustain the Matkins’ claim for an amount equal to $100 per day for each day Smith remained in violation of the September 27 contempt or *879 der, but in no event beyond the date of his death.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.

. Without reviewing the complete history of the three civil actions, we note that the trial court ordered the cases consolidated for "purposes of administration” on August 27, 1985. The court stated in its order that "[t]he issue of requested injunctive relief against the defendant to protect plaintiffs Matkin was submitted August 23,1985, for decision, by an agreement stated in open court.” (Emphasis added.)

. The permanent injunction issued August 27, 1985, by its terms would not be lifted or modified "unless defendant can demonstrate to the Court a plan of operation which will assure all parties that no plaintiff shall be in danger of future damage or violation.”