This is a mandamus proceeding. *Page 627 
Louise Adams and Curtis Adams signed a divorce agreement on September 29, 1987. On October 20, 1987 the trial court entered its final decree of divorce, incorporating the agreement. On November 19, 1987, within thirty days, Curtis Adams filed a posttrial motion styled "Motion for New Trial." As grounds for the motion Mr. Adams alleged that the division of property was inequitable; that the division was unjust in that he was forced to borrow $25,000 to comply with the terms of the agreement due to the stock market "crash," which was not contemplated by the parties; and that the division was based on erroneous legal advice contrary to Alabama law. He asked the trial court to "set aside the portion of the Final Judgment of Divorce which relates to property settlement . . . and order a new trial on those issues only."
On February 18, 1988, ninety-two days after the motion for new trial was filed, the trial court heard oral testimony on the motion. On May 20, 1988 the trial court, treating Mr. Adams's motion as one under Rule 60(b)(6), Alabama Rules of Civil Procedure, set aside those portions in the settlement agreement pertaining to the division of property and ordered a new trial held on that issue. Louise Adams filed a motion to reinstate the original decree. Her motion was denied.
Louise Adams seeks a writ of mandamus from this court to the trial court declaring the order of May 20, 1988 as void and of no effect and directing the trial court to reinstate its final decree of divorce of October 20, 1987. The writ of mandamus cannot be granted unless there is a clear showing that the trial court abused its discretion and exercised it in an arbitrary and capricious manner. Ex parteShort, 434 So.2d 728 (Ala. 1983). Mrs. Adams argues the trial court abused its discretion in treating Mr. Adams's November 19, 1987 "Motion for New Trial" as a Rule 60(b)(6) motion. Mrs. Adams asserts that the November motion for new trial was made pursuant to Rule 59, A.R.Civ.P., and when the trial court failed to rule on the motion within ninety days as required by Rule 59.1, A.R.Civ.P., said motion was denied as a matter of law, thereby making the subsequent order of May 20, 1988 void and of no force or effect.
The narrow issue for our consideration is whether Mr. Adams's motion for new trial filed on November 17, 1987 was a Rule 59 motion and thereby overruled by operation of law or a Rule 60(b) motion not subject to the ninety-day requirement of Rule 59.1, A.R.Civ.P.
We consider the November motion to have been a motion for new trial or to alter, amend, or vacate judgment under Rule 59. Our determination is based on the fact that the motion was filed within the thirty-day limitation of Rule 59, and the relief sought was available under Rule 59. Sexton v.Prisock, 495 So.2d 581 (Ala. 1986); Simmons v.Simmons, 390 So.2d 622 (Ala.Civ.App. 1980).
We have reviewed the record and find that no action was taken by the trial court with respect to Mr. Adams's motion within the ninety-day requirement of Rule 59.1. Similarly, the record is void of any agreement made by the parties to extend the time period.
 "Where there is no evidence in the record of any 'express consent' of the parties to extend the ninety-day period within which a court must act on a motion for new trial, and where the record is absent of any such action on the motion by the court within the required period of time, any order issued by the court after the ninety-day period is void and of no force or effect."
Kichler v. Kichler, 523 So.2d 1074 (Ala.Civ.App. 1988) (citations omitted).
In an attempt to avoid the above result, Mr. Adams argues that his motion was actually a motion filed pursuant to Rule 60(b)(6) and therefore not subject to the consequences of Rule 59.1. It is noteworthy that this argument did not surface until ninety-two days after his motion had been filed with the trial court.
Mr. Adams had several options available to him once the ninety-day period had expired. He could have appealed the denial *Page 628 
of the motion or he could have filed a new motion under Rule 60. He chose not to.
In conclusion, we find the following rationale utilized by this court in Carnes v. Carnes, 365 So.2d 981
(Ala.Civ.App. 1978), to be applicable in this instance:
 "While our Rules of Civil Procedure contemplate a liberal construction of pleadings and motions, we do not think they envision the kind of construction defendant now urges.
 ". . . [O]ur assent to defendant's contention that his motion for new trial should be treated as a Rule 60(b) motion would, in effect, allow Rule 60 to destroy to a large extent Rule 59.1."
Id., at 983-84.
To permit a motion filed under Rule 59 to be subsequently construed as a 60(b) motion after operation of Rule 59.1 is to substantially nullify Rule 59.1 and render the provisions of Rule 59 uncertain.
We find the order of May 20, 1988 was entered by the trial court without proper jurisdiction since it was issued after the denial of the motion for new trial. Accordingly, the order is void and of no force or effect.
The petition for mandamus is granted unless the trial court within fourteen days vacates its order of May 20, 1988, which set aside the final decree of divorce of October 20, 1987.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
WRIT GRANTED CONDITIONALLY.
All the Judges concur.