RUSSELL, Judge.
The dispositive issue for decision by this court is whether this appeal is to be dismissed for failure to timely file a notice of appeal.
The trial court granted a summary judgment in favor of the defendants on February 29, 1988. The plaintiffs filed a motion for rehearing on March 17, 1988. The trial court subsequently denied plaintiffs’ motion for rehearing on August 15, 1988, and thereafter the plaintiffs filed their notice of appeal to this court on September 22,1988.
At the outset we note that the trial court’s order dated August 15, 1988, was a nullity. This is so because plaintiffs’ motion had been overruled by operation of law ninety days after its filing, i.e., the trial court lost jurisdiction over the matter ninety days after March 17, 1988. Colburn v. Colburn, 510 So.2d 266 (Ala.Civ.App.1987). See also Ex parte Colonial Life & Accident Insurance Co., 410 So.2d 73 (Ala.Civ.App.1982).
The language of Rule 59.1, Alabama Rules of Civil Procedure, is clear: “No post-judgment motion ... shall remain pending in the trial court for more than 90 days, unless with the express consent of all the parties, which consent shall appear of record_” (Emphasis added.) *792 A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.
As there is no “express consent of all the parties” present in the record to extend the ninety-day period, the motion was deemed denied on June 15, 1988, The forty-two day time limit from which to appeal thus began to run from that date. Therefore, the September 22, 1988, appeal came too late, and we have no alternative but to dismiss the appeal.
APPEAL DISMISSED.
INGRAM, P.J., and ROBERTSON, J., concur.