Alfa Mutual General Insurance Company ("Alfa") petitions for a writ of mandamus directing the Montgomery Circuit Court to vacate an order purporting to set aside a summary judgment entered for Alfa in an action filed against it by John B. Ledbetter.
The writ of mandamus is an extraordinary writ that applies "where a party seeks emergency and immediate appellate review of an order that is otherwise interlocutory and not appealable." Rule 21(e)(4), Ala.R.App.P. In order for this Court to issue a writ of mandamus, the petitioner must show that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889, 891
(Ala. 1991).
Ledbetter filed a fraud action against Alfa, claiming that one of Alfa's agents had made misrepresentations to him concerning the cancellation of an automobile insurance policy. In deposition testimony, Ledbetter stated that he had spoken with no one at Alfa except his Alfa insurance agent concerning the policy. However, Ledbetter admitted in the deposition that the agent did not lie to him and that he considered the agent to have been helpful and honest. *Page 1282 
On July 29, 1994, Alfa moved for a summary judgment, based upon Ledbetter's deposition testimony. The court held a hearing on October 18, 1994, concerning the motion, and on January 9, 1995, granted Alfa's motion and entered a summary judgment in its favor. On January 13, 1995, Ledbetter filed a "motion to reconsider," requesting simply that the trial court "reconsider its decision granting [the summary judgment]" and contending that "this is a fraud case involving genuine issues of material fact and [that] the Defendant is not entitled to a judgment as a matter of law." The court conducted a hearing on the motion on March 6, 1995, and on May 31, 1995, entered an order purporting to set aside Alfa's summary judgment.
Alfa contends that the trial court on May 31 had no jurisdiction to enter the order setting aside its summary judgment, because, it says, Ledbetter's "motion to reconsider" had been denied on April 13, by operation of law, 90 days after it was filed, pursuant to Rule 59.1, Ala.R.Civ.P.
Rule 59.1 provides, in pertinent part:
 "No post-judgment motion filed pursuant to Rules 50, 52, 55 or 59 shall remain pending in the trial court for more than 90 days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
The Alabama Rules of Civil Procedure do not specifically provide for a "motion to reconsider." However, this Court looks to the essence of a motion, rather than its title, to determine how that motion is to be considered under those rules. The "character of a pleading is determined and interpreted from its essential substance, and not from its descriptive name or title." Union Springs Telephone Co. v. Green, 285 Ala. 114,117, 229 So.2d 503, 505 (1969). See also Simmons v. Holliday,226 Ala. 630, 148 So. 327 (1933); Swain v. Terry, 454 So.2d 948
(Ala. 1984).
In Cleveland v. Hare, 369 So.2d 1226 (Ala. 1979), this Court examined a motion styled as a "motion for reconsideration and motion for stay"; in that motion the movants asked the trial court to review a summary judgment against them. This Court determined the motion to be a Rule 59 motion and therefore subject to Rule 59.1. In Holt v. First Nat'l Bank of Mobile,372 So.2d 3 (Ala. 1979), this Court examined motions to set aside the dismissals of the appellant's cases and held that they were Rule 59(e) motions. As such, they had been automatically denied 90 days after their filing, pursuant to Rule 59.1. In Ex parte Colonial Life Acc. Ins. Co.,410 So.2d 73 (Ala.Civ.App. 1982), the Court of Civil Appeals noted this Court's holdings in Cleveland and Holt and held that a motion styled as an "application for rehearing" and filed within 30 days of the entry of a summary judgment was a Rule 59 motion and was therefore subject to Rule 59.1. See also Ex parteJohnson Land Co., 561 So.2d 506 (Ala. 1990) (holding that a "motion for rehearing" of the dismissal of an action was a Rule 59 motion).
In Ex parte Hornsby, 663 So.2d 966 (Ala. 1995), this Court, relying upon Ex parte Johnson Land Co., supra, issued a writ of mandamus directing the trial court to vacate an order purporting to set aside a default judgment. Hornsby held that the trial court's order was a nullity because it was a ruling on a post-trial motion subject to Rule 59.1 and was entered more than 90 days after the motion had been filed. The motion, not ruled on for 90 days, was denied by operation of Rule 59.1 on the 90th day.
It may be helpful to review pertinent events in this case:
 January 9, 1995: The trial court entered a summary judgment for Alfa.
 January 13, 1995: Ledbetter filed his "motion to reconsider."
 April 13, 1995: This was the 90th day from the filing of the "motion to reconsider."
 May 31, 1995: The trial court purported to grant Ledbetter's motion and to vacate the summary judgment; this was 138 days after Ledbetter's motion was filed. *Page 1283 
It is clear from the substance of Ledbetter's motion, particularly when that motion is examined in light of this Court's prior decisions regarding Rule 59.1, that that motion is a Rule 59(e) motion to alter, amend, or vacate the judgment. It is not a Rule 60 motion, which seeks relief from a judgment upon the grounds of mistake, inadvertence, or other such reasons. A Rule 60 motion is not governed by Rule 59.1. However, a Rule 59(e) motion is clearly subject to the provisions of Rule 59.1. Although the 90-day period for the trial court to rule could have been extended either through the mutual consent of the parties or by an order of this Court, pursuant to Rule 59.1, no consent appears of record and this Court had not extended the time. Therefore, Ledbetter's motion was deemed denied by operation of law on April 13, 1995, 90 days after it was filed, and the trial court was without jurisdiction to rule on the motion after April 13, 1995. Its May 31, 1995, order purporting to vacate the summary judgment was a nullity. Hornsby; Ex parte Johnson Land Co., supra.
Alfa has shown a clear legal right to the relief it seeks.Ex parte Alfab, supra. The trial court's order of May 31, 1995, purporting to vacate the summary judgment is due to be set aside.
WRIT GRANTED.
HOOPER, C.J., and ALMON, HOUSTON, and BUTTS, JJ., concur.