The plaintiff appeals from an order holding that her Rule 60(b)(1), Ala.R.Civ.P., motion had been denied.
On November 16, 1994, Shana Conway sued the Housing Authority of the Birmingham District, seeking compensation for injuries that in her complaint she alleged had occurred on September 16, 1992. On December 29, 1994, the Housing Authority filed an *Page 345 
answer and a motion for summary judgment, contending that Conway's claims were barred by the statute of limitations because her complaint was filed more than two years after the date of the alleged injury. The plaintiff was notified that the court would hold a hearing on the motion on January 13, 1995.
On January 13, 1995, the trial court granted the Housing Authority's motion and entered a summary judgment in favor of the Housing Authority. Counsel for Conway did not appear at the hearing on the motion for summary judgment, and no opposition to the Housing Authority's motion for summary judgment was filed.
On April 13, 1995, Conway filed a motion for relief from judgment pursuant to Rule 60(b)(1). She alleged that through mistake, inadvertence, surprise, or excusable neglect, the date of the accident had been stated in the complaint as September 16, 1992, when it was actually November 16, 1992. On August 10, 1995, Conway moved for a hearing on her Rule 60(b) motion. On September 21, 1995, the trial court entered an order stating:
 "A 'Summary Judgment' was granted in this case on January 13, 1995, with no opposition having been filed and with counsel for Plaintiff not appearing. On April 13, 1995, a 'Motion For Relief From Judgment' was filed (pursuant to Rule 60 ARCP since the time for filing a Rule 59 motion had expired) but the attorney did not contact the Court to have the motion set for a hearing and the Court never saw the motion until preparing for the 'Motion For Hearing On Motion for Relief From Judgment' which was filed on August 10, 1995. The 'Motion For Relief From Judgment' was therefore automatically denied pursuant to Rule 59.1 and thus the 'Motion for Hearing On Motion for Relief From Judgment' is due to be denied."
Conway appeals from this order. She contends that the trial court erred in concluding that her motion for relief from judgment under Rule 60(b)(1) was denied by operation of law after 90 days had passed from the date the motion was filed. We agree.
Rule 59.1, Ala.R.Civ.P. provides:
 "No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than 90 days. . . . A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder . . . shall constitute a denial of such motion as of the date of the expiration of the period."
It is well established that Rule 59.1 applies only to motions filed under rules 50, 52, 55, and 59. See Hollingsworth v.Wright, 369 So.2d 18 (Ala.Civ.App. 1979), cert. denied,369 So.2d 21 (Ala. 1979).
We recognize that a Rule 60(b) motion to set aside a judgment cannot be substituted for a Rule 59 motion for a new trial or to alter, amend, or vacate a judgment. Matkin v. Smith,531 So.2d 876 (Ala. 1988). However, Conway's motion was a procedurally valid motion seeking relief under Rule 60(b)(1) because of mistake, inadvertence, surprise, or excusable neglect. Id.
Because Conway's motion sought relief under Rule 60(b) and not under Rule 50, 52, 55, or 59, it was not denied by operation of law pursuant to Rule 59.1 after 90 days had expired from the time it was filed. The trial court incorrectly concluded in its order of September 21, 1995, that the motion had been denied by operation of law pursuant to Rule 59.1. Because the motion was not denied by operation of law and because the trial court never expressly ruled on the motion, Conway's motion for relief from judgment pursuant to Rule 60(b), Ala.R.Civ.P. is still pending before the trial court. Because there is no final order from which to appeal, this appeal is hereby dismissed.
APPEAL DISMISSED.
ROBERTSON, P.J., and THIGPEN, J., concur. *Page 346