Although I concur with the dismissal of the appeal, I respectfully dissent from the denial of the petition for the writ of mandamus. The trial court's decision to treat the wife's post-judgment motion as a Rule 60(b), Ala. R. Civ. P., motion was error and the husband is entitled to relief.
Because the wife's motion was filed within 30 days of the judgment and sought relief available under Rule 59, Ala. R. Civ. P., it should have been treated as a Rule 59 motion.Sexton v. Prisock, 495 So.2d 581 (Ala. 1986); Simmons v.Simmons, 390 So.2d 622 (Ala.Civ.App. 1980). Allowing the trial court to treat the pleading as a Rule 60(b) motion permits Rule 60 to destroy Rule 59.1. See Ex parte Adams, 534 So.2d 626
(Ala.Civ.App. 1988). The fact that the substance of the wife's motion alleged fraud makes no difference. See Ex parte AlfaMutual General Ins. Co., 684 So.2d 1281 (Ala. 1996). Because the wife's motion was not ruled on in 90 days, it was denied by operation of law and the trial court had no jurisdiction to entertain it as a Rule 60(b) motion.
The law is clear in this case. The husband is entitled to mandamus relief. This court *Page 254 
should not be swayed by what appear to be the equities in favor of the wife.