Kenneth Lance Johnson petitions for a writ of mandamus directing the Mobile Circuit Court to vacate its order granting his former wife's motion to set aside their divorce judgment. We grant the writ.
On December 8, 1995, Johnson, a professional baseball player, was divorced from his wife, who resumed the use of her maiden name — Sharon J. Brown; the divorce judgment incorporated an agreement dividing their marital property. On January 5, 1996, 28 days after the entry of the judgment, Ms. Brown filed a motion entitled "Motion to Set Aside the Judgment"; that motion read as follows:
 "Comes now the plaintiff, by and through counsel and moves this Honorable Court to set aside the judgment of divorce heretofore rendered on December 8, 1995, and as grounds therefor, says the following:
 "1. That the defendant and others acting in concert with him failed and refused to follow the orders of this court relative to discovery and did not produce full and complete documents particularly relating to bank accounts, income, assets, financial accounts and brokerage accounts for the calendar year 1995.
 "2. Defendant took the position that subsequent to the ending of the 1995 baseball season, that he was without employment and had no income and there were no prospects of him re-signing with his former employer, the Chicago White Sox, and he had no prospects of future employment as a major league baseball player. *Page 785 
 "3. Just days after the rendition of the judgment of divorce, it was announced that the defendant had signed a two-year, $5.7 million dollar contract with the New York Mets.
 "4. That the defendant, and agents acting through him, knew or should have known of the prospect of the defendant obtaining gainful employment in the major leagues and of the substantial income.
 "5. That the plaintiff believes that the defendant has substantial assets which he has secreted from the plaintiff that subsequent to the agreement being reached, the defendant told plaintiff in a mocking manner that 'she did not get any of his money.'
 "6. That the defendant has failed to comply with the terms of the agreement in that payments due the plaintiff have not been paid in a timely manner.
 "WHEREFORE, the premises considered, it is respectfully prayed that this matter be set down for hearing and that the Court direct the defendant to fully comply with the discovery requests presently filed and any future discovery requests filed by the plaintiff and set aside the judgment of divorce so that a full and fair disclosure of the assets of the defendant is made known, and after hearing same, that the judgment of divorce be modified to reflect a fair and equitable division of the assets acquired during the marriage; plaintiff prays for such other, further and different relief to which she may be entitled."
(Emphasis in original.)
On February 18, 1997, more than 13 months after the motion to set aside the judgment had been filed, Johnson filed a motion to dismiss the proceedings for lack of subject matter jurisdiction. In that motion, Johnson contended that the January 5, 1996, motion was a Rule 59(e), Ala.R.Civ.P., motion and that it had been denied by operation of law after 90 days, pursuant to Rule 59.1, Ala.R.Civ.P. After conducting a hearing, the trial court ruled that because the substance of the January 5, 1996, motion concerned alleged misrepresentations made by Johnson, that motion should be treated as one made pursuant to Rule 60(b)(3), Ala.R.Civ.P., which authorizes relief from a judgment procured through fraud or other misconduct of an adverse party. The Court of Civil Appeals, with Judge Crawley dissenting, denied Johnson's request for mandamus relief. SeeEx parte Johnson, 707 So.2d 251 (Ala.Civ.App. 1997). He then filed this petition, pursuant to Rule 21, Ala.R.App.P.
We note, initially, that a lack of subject matter jurisdiction may be raised at any time, see Forrester v.Putman, 409 So.2d 773 (Ala. 1981); Norton v. Liddell, 280 Ala. 353, 194 So.2d 514 (1967); and Rule 12(h)(3), Ala.R.Civ.P.; we note, too, that the question of subject matter jurisdiction is reviewable by a petition for a writ of mandamus. See Ex parteAlfa Mutual General Ins. Co., 684 So.2d 1281 (Ala. 1996). The dispositive issue here is whether the trial court erred in treating the January 5, 1996, motion to set aside the judgment as one made pursuant to Rule 60(b)(3), rather than as one made pursuant to Rule 59(e). If the motion was a Rule 59(e) motion, then it was denied by operation of law after 90 days and the trial court, at the end of the 90th day, lost jurisdiction to set aside the judgment. On the other hand, if the motion was a Rule 60(b)(3) motion, then Rule 59.1 was not applicable. Exparte Alfa Mutual General Ins. Co., supra.
After examining the record and the briefs, we conclude that the trial court erred in treating the January 5, 1996, motion as a Rule 60(b)(3) motion. It is well settled that this Court looks to the essence of a motion, not necessarily to its title, to determine how the motion is to be considered under the Alabama Rules of Civil Procedure. Ex parte Alfa Mutual GeneralIns. Co., supra. This Court has held on several occasions that a motion filed within the 30-day limitation of Rule 59(e), seeking relief from a judgment that is available under Rule 59(e), should be treated as a Rule 59(e) motion to alter, amend, or vacate the judgment. See Ex parte Alfa Mutual GeneralIns. Co., supra; Sexton v. Prisock, 495 So.2d 581 (Ala. 1986);Holt v. First National Bank of Mobile, 372 So.2d 3 (Ala. 1979). See, also, Evans v. Waddell, 689 So.2d 23 (Ala. 1997) (noting that this Court has repeatedly construed a "motion to reconsider" a judgment, when it has been filed within 30 days after the entry of a final judgment, as a Rule 59(e) motion). A Rule 60(b) motion to set aside a judgment cannot *Page 786 
be substituted for a Rule 59 motion so as to avoid the operation of Rule 59.1. See Matkin v. Smith, 531 So.2d 876
(Ala. 1988); Ingram v. Pollock, 557 So.2d 1199 (Ala. 1989). The Court of Civil Appeals has also recognized these principles. See, e.g., Conway v. Housing Authority of the BirminghamDistrict, 676 So.2d 344 (Ala.Civ.App. 1996); Ex parte Adams,534 So.2d 626 (Ala.Civ.App. 1988); Simmons v. Simmons,390 So.2d 622 (Ala.Civ.App. 1980).
The January 5, 1996, motion does not specifically refer to Rule 60; it does, however, specifically request that the divorce judgment be "set aside" or "modified." This language is consistent with that of Rule 59(e). Cannon v. State Farm MutualAutomobile Ins. Co., 590 So.2d 191 (Ala. 1991). The January 5 motion was also filed within the 30-day limitations period set out in Rule 59(e) (a factor this Court has emphasized in similar cases when the nature of a post-judgment motion was at issue, see Lockhart v. Phenix City Investment Co.,488 So.2d 1353 (Ala. 1986); Textron, Inc. v. Whitfield, 380 So.2d 259
(Ala. 1979)), and the motion sought relief that was available under Rule 59(e). A divorce judgment incorporating a property agreement may be altered, amended, or vacated under Rule 59(e) if one party procures the agreement by fraud or conceals assets or liabilities. See Barganier v. Barganier, 669 So.2d 933
(Ala.Civ.App. 1995); Ayres v. Ayres, 466 So.2d 979 (Ala.Civ.App. 1985); Nelson v. Nelson, 408 So.2d 101 (Ala.Civ.App. 1981).
Based on our previous decisions, we hold that the January 5, 1996, motion should have been treated as a Rule 59(e) motion. In so holding, we note that the 90-day period allowed for the trial court to rule on that motion could have been extended either through the mutual consent of the parties or by an order of the Court of Civil Appeals, pursuant to Rule 59.1; however, no consent of the parties appears of record and the Court of Civil Appeals did not extend the time. We also note that the divorce judgment could have been appealed after the expiration of the 90 days. Permitting a motion filed under Rule 59(e) to be subsequently construed as a Rule 60(b)(3) motion for the purpose of avoiding the operation of Rule 59.1 (which was designed to remedy the inequities arising from the failure of the trial court to dispose of postjudgment motions for unduly long periods), would run afoul of the intent of the Rules by substantially nullifying Rule 59.1 and rendering the provisions of Rule 59 uncertain. See Carnes v. Carnes, 365 So.2d 981
(Ala.Civ.App. 1978); Ex parte Adams, supra; Simmons v. Simmons, supra.
Although we agree with Ms. Brown that "this Court is committed to the proposition that . . . a [trial] court is not without jurisdiction to exercise its inherent power to set aside and vacate a judgment because of supervening invalidity based on fraud practiced on the court by a party in the procurement of a judgment," Brice v. Brice, 340 So.2d 792, 795
(Ala. 1976), a trial court is without power to so act once it has lost jurisdiction over the case.[1]
WRIT GRANTED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, KENNEDY, COOK, SEE, and LYONS, JJ., concur.
[1] Because we hold that Rule 59 and not Rule 60 governs, we do not address whether Ms. Brown would be entitled to relief from the judgment under Rule 60(b)(6). Our holding should not be construed as foreclosing a Rule 60(b)(6) motion containing allegations along the lines suggested in R.E. Grills, Inc. v.Davison, 641 So.2d 225, 229 (Ala. 1994).