962 So.2d 261 (2007)
Ann Marie CURRY
v.
Thomas Walter CURRY, Jr.
2050477.
Court of Civil Appeals of Alabama.
January 12, 2007.
*262 Thomas J. Azar, Jr., Montgomery, for appellant.
Submitted on appellant's brief only.
PITTMAN, Judge.
Ann Marie Curry ("the mother") appeals from a judgment that, she claims, effectively denied her request for postminority support from Thomas Walter Curry, Jr. ("the father"), for their college-aged child. We dismiss the appeal as untimely.
During the parties' marriage, they had two daughters. In August 2004, the trial court entered a judgment of divorce that ratified and incorporated a settlement agreement drafted and signed by the parties. In pertinent part, that agreement provided that the mother would have physical custody of the two children and that the father would pay $623.86 in monthly child support.
On September 15, 2004, the mother initiated an action seeking an award of postminority support for the parties' older daughter, who had been born on September 25, 1985. The father filed an answer and a counterclaim seeking a modification of his child-support obligation and objecting to the request for postminority support. The trial court conducted an ore tenus proceeding on February 25, 2005. Following that proceeding, on June 28, 2005, the trial court entered a judgment modifying the father's child-support obligation to $366.74 per month because the older child had reached the age of majority. The trial court also calculated the amount of the father's unpaid child support and reduced the arrearage to a judgment in the amount of $1,973.64, which the trial court ordered the father to pay to the mother in monthly installments of $25. The trial court's judgment further ordered the father to be responsible for 73% of the older child's "tuition, books, and board not covered by scholarships, loans and financial aid."
*263 The father filed a postjudgment motion in which he asserted that the imposition of postminority support created an undue hardship on him because of his lack of financial resources. In addition, the father averred that he should not be expected to pay for a child's college education when he did not have a college degree and that he should not have to provide postminority support for a child from whom he had been estranged for several years.
Following another ore tenus hearing, the trial court entered an order on September 27, 2005, modifying the June judgment in that the father was specifically relieved from paying any room-and-board costs for the older child that were not connected with on-campus housing. Although the father was still ordered to pay his 73% portion of the older child's educational expenses, the modified judgment included the following pertinent language:
"The [mother] shall only be entitled to pro rata payment [from the father] for a loan secured for the daughter where the [mother] did not receive a full refund for the amount of the [loan]. That based upon her eligibility for the same, the daughter shall use reasonable efforts to exhaust her options for scholarships, grants, work study, and guaranteed student loans before the parties are required to pay for college tuition, fees, books, and room-and-board."
On October 20, 2005, the mother filed a motion that she styled a "Motion for Relief from Order" and in which she invoked Rule 60(b), Ala. R. Civ. P., as procedural authority. However, in that motion, the mother simply requested that the trial court "reconsider" its modified judgment because, she says, it appeared to relieve the father from paying any portion of the outstanding loans that had been obtained to pay for the older child's first year of college during the time that the postminority-support proceeding had been pending. In addition, the mother contested the limitations in the modified judgment that the father need not pay for any off-campus room-and-board expenses and that he should not be responsible to pay for any college educational expenses until all of the daughter's financial aid had been exhausted.
Although the mother's October 20, 2005, motion cited Rule 60(b), Ala. R. Civ. P., as authority, "[t]he `character of a [motion] is determined and interpreted from its essential substance, and not from its descriptive name or title.'" Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281, 1282 (Ala.1996) (quoting Union Springs Tel. Co. v. Green, 285 Ala. 114, 117, 229 So.2d 503, 505 (1969)). The mother's motion, which was filed within 30 days after the entry of the trial court's amended judgment and which requested that court to "reconsider" that amended judgment, was, in substance and in legal effect, a motion to alter, amend, or vacate the judgment pursuant to Rule 59(e), Ala. R. Civ. P.:
"It is well settled that [an appellate court] looks to the essence of a motion, not necessarily to its title, to determine how the motion is to be considered under the Alabama Rules of Civil Procedure. Ex parte Alfa Mutual General Ins. Co., [684 So.2d 1281 (Ala.1996)]. [The Alabama Supreme Court] has held on several occasions that a motion filed within the 30-day limitation of Rule 59(e), seeking relief from a judgment that is available under Rule 59(e), should be treated as a Rule 59(e) motion to alter, amend, or vacate the judgment. See Ex parte Alfa Mutual General Ins. Co., supra; Sexton v. Prisock, 495 So.2d 581 (Ala.1986); Holt v. First National Bank of Mobile, 372 So.2d 3 (Ala.1979). See, also, Evans v. Waddell, 689 So.2d *264 23 (Ala.1997) (noting that [the Alabama Supreme] Court has repeatedly construed a `motion to reconsider' a judgment, when it has been filed within 30 days after the entry of a final judgment, as a Rule 59(e) motion). A Rule 60(b) motion to set aside a judgment cannot be substituted for a Rule 59 motion so as to avoid the operation of Rule 59.1. See Matkin v. Smith, 531 So.2d 876 (Ala.1988); Ingram v. Pollock, 557 So.2d 1199 (Ala.1989). The Court of Civil Appeals has also recognized these principles. See, e.g., Conway v. Housing Authority of the Birmingham District, 676 So.2d 344 (Ala.Civ.App.1996); Ex parte Adams, 534 So.2d 626 (Ala.Civ.App. 1988); Simmons v. Simmons, 390 So.2d 622 (Ala.Civ.App.1980)."
Ex parte Johnson, 715 So.2d 783, 785-86 (Ala.1998) (emphasis added). Under Rule 59.1, Ala. R. Civ. P., a postjudgment motion filed pursuant to, among other rules, Rule 59(e) is deemed denied by operation of law 90 days after such a motion is filed unless the parties expressly consent on the record to extend the 90-day period or the appropriate appellate court allows such an extension.
Subsequently, the father's attorney requested leave to withdraw from the case, and that motion was granted. On December 16, 2005, within 90 days after having filed her previous postjudgment motion (but before the trial court had ruled upon that motion), the mother filed what she labeled a "Renewed Motion for Relief from Order." Although that motion, like the October 20, 2005, motion, cited Rule 60(b), Ala. R. Civ. P., that motion was essentially a duplicate of the mother's first postjudgment motion requesting that the court "reconsider" the terms of the modified postminority-support judgment; that motion even bore the words "[r]espectfully renewed" immediately above counsel's signature. Under Alabama law, if a party files a postjudgment motion that neither (1) requests relief on grounds different from or additional to the grounds asserted in a previous postjudgment motion so as to amount to a proper amendment to the earlier motion, nor (2) seeks different postjudgment relief so as to be a separate postjudgment motion, the second-filed motion is not due to be treated as a separate motion but as a mere repetitive filing. See Roden v. Roden, 937 So.2d 83, 85 (Ala.Civ.App.2006). Thus, the December 16, 2005, motion did not toll the time for ruling upon the October 20, 2005, motion.
The trial court entered an order purporting to modify the September 2005 postminority-support judgment on February 9, 2006. That date was 112 days after the mother's initial postjudgment motion had been filed. However, because the mother's October 20, 2005, motion is properly viewed as a Rule 59(e) motion to alter, amend, or vacate, that motion had already been denied by operation of law on January 18, 2006, 90 days after its filing. See Rule 59.1, Ala. R. Civ. P. Moreover, because the mother's December 16, 2005, "renewed" motion had no independent character, it did not restart the 90-day clock for granting or denying postjudgment relief, see Roden, 937 So.2d at 85. The mother's notice of appeal was filed on March 10, 2006, 51 days after her original postjudgment motion was denied by operation of law on January 18, 2006.
Although neither party has raised the issue of whether this court has jurisdiction to decide the mother's appeal, we have a duty to independently raise and determine that issue: "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'" Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App. *265 1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). Under subdivisions (1) and (3) of Rule 4(a), Ala. R.App. P., a notice of appeal must be filed within 42 days after the trial court has acted upon a timely filed postjudgment motion or such a motion has been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P.
On the basis of the above-cited authorities, we conclude that the operative date for determining the commencement of the 90-day period set forth in Rule 59.1 was October 20, 2005, the date on which the mother first filed her postjudgment motion. Because, as we have stated, the mother's December 16, 2005, filing did not state new or other grounds for altering, amending, or vacating the September 27, 2005, judgment, and did not seek different relief from the trial court, that filing did not amount to a separate postjudgment motion or an amendment to a postjudgment motion. Roden v. Roden, 937 So.2d at 85. Thus, the mother's failure to file a notice of appeal within 42 days of the 90th day following the filing of her October 20, 2005, motion renders her appeal untimely and due to be dismissed. Rule 2(a)(1), Ala. R.App. P.
In dismissing the appeal, we note that the trial court's February 9, 2006, order was entered more than 90 days after October 20, 2005, and, as such, is void. As a result, we direct the trial court to vacate its February 9, 2006, order purporting to further amend the trial court's judgment. See Roden, 937 So.2d at 86.
APPEAL DISMISSED WITH INSTRUCTIONS.
CRAWLEY, P.J., and BRYAN, J., concur.
MURDOCK, J., concurs in the result, with writing, which THOMPSON, J., joins.
MURDOCK, Judge, concurring in the result.
Following a citation to Roden v. Roden, 937 So.2d 83, 85 (Ala.Civ.App.2006), the main opinion concludes that the mother's December 16, 2005, postjudgment motion "did not toll the time for ruling upon the [mother's] October 20, 2005, motion." 962 So.2d at 264. Neither the holding in Roden, nor any other rule with which I am familiar, however, speaks to a "toll[ing] [of] the time for ruling upon [a postjudgment] motion." Instead, Roden addresses the issue whether a party's filing of an amendment to, or the filing of a second, Rule 59, Ala. R. Civ. P., postjudgment motion triggers a new 90-day jurisdictional period under Rule 59.1 for the trial court to rule upon that party's initial postjudgment motion.
As the main opinion correctly notes, the mother's December 16, 2005, postjudgment motion does not ask the trial court to vacate, alter, or amend its judgment on any ground different from or in addition to those grounds already asserted by the mother in her first postjudgment motion and does not seek any postjudgment relief different from that already requested by the mother in her first motion. Accordingly, it is neither an amendment to the mother's initial postjudgment motion nor a new postjudgment motion that will trigger a new 90-day jurisdictional period under Rule 59.1. I note also that, even if the mother's December 16, 2005, postjudgment motion had asserted new or additional grounds, or had requested different relief, it was filed outside the 30-day time period prescribed by Rule 59(e), Ala. R. Civ. P., and, for that reason also, would not have served to trigger a new 90-day jurisdictional period under Rule 59.1. See Roden, supra; compare Thompson v. Keith, 365 So.2d 971, 973 (Ala.1978), with Ex parte *266 Cleveland Consol., Inc., 435 So.2d 1285, 1287 (Ala.1983).
THOMPSON, J., concurs.