THOMAS, Judge.
Tommy S. Wiley appeals from a judgment of the Lauderdale Circuit Court (“the trial court”) in favor of Bohannon Services, Inc. (“Bohannon”).
The record indicates that Wiley, an employee of Bohannon, suffered an injury to his shoulder as a result of a work-related accident on September 28, 2010. On March 7, 2011, Wiley filed a complaint requesting that the trial court set the issue of Wiley’s right to receive total-disability benefits for an immediate hearing, order Bohannon to pay a 15% penalty pursuant to § 25-5-59, Ala.Code 1975, and award any other benefits to which Wiley may be entitled. Bohannon answered the complaint on March 20, 2011, and asserted various defenses.
A hearing was held August 1, 2011, at which time counsel for both parties informed the trial court that a settlement had been reached, and the terms of the settlement agreement were read into the record. Both parties were to separately file a proposed settlement agreement and obtain approval from the trial court. On September 20, 2011, Bohannon filed a motion to enforce the settlement agreement or, in the alternative, to dismiss the action with prejudice. According to Bohannon, Wiley had failed to file a proposed settlement agreement as required by the trial court and had refused to sign the proposed settlement agreement submitted to the trial court by Bohannon. Wiley filed a response to Bohannon’s motion to enforce the settlement agreement on September 20, 2011, in which he averred that he did not agree with certain provisions of the proposed settlement agreement that was submitted to the trial court by Bohannon, and he requested that the trial court set the matter for a hearing.
The trial court held a hearing on October 31, 2011. On November 7, 2011, the trial court entered a judgment granting Bohannon’s motion to enforce the settlement agreement.[1] The November 7, 2011, judgment also set out the details of the settlement agreement and stated that Bo-hannon would not be responsible for any benefits or medical bills incurred by Wiley, other than those identified in the settlement agreement. Wiley filed a motion on *530 December 6, 2011, styled as an “application to set aside settlement, motion for relief from judgment pursuant to Rule 60(b)(6) and 60(b)(l)(2)[, Ala. R. Civ. P.,] and motion to alter, vacate or amend,” pursuant to Rule 59, Ala. R. Civ. P. In summary, Wiley averred in the December 6, 2011, postjudgment motion that he had discovered new evidence regarding his medical condition that rendered the settlement agreement unjust and that, therefore, the settlement agreement should be set aside. Wiley also asked the trial court to set the matter for a hearing. Bohannon filed a response to Wiley’s postjudgment motion on January 5, 2012; Wiley filed a reply on January 24, 2012.
On June 5, 2012, the trial court entered an order purporting to grant Wiley’s post-judgment motion to set aside the settlement agreement, provided that Wiley reimburse Bohannon for any settlement proceeds that Wiley had received and all costs and attorney fees that Bohannon had incurred during the course of this action; the trial court set the matter for a hearing on September 6, 2012. Wiley filed a motion on August 29, 2012, requesting relief from the June 5, 2012, order and for leave to amend the original complaint. After the hearing on September 6, 2012, the trial court entered an order on September 11, 2012, in which the trial court found that Wiley had failed to comply with the requirements of the June 5, 2012, order and therefore denied Wiley’s requests for relief and enforced the previously entered settlement agreement.
Wiley filed a motion styled as a “motion for new trial or in the alternative motion for relief from judgment or order and motion to alter, vacate or amend pursuant to Rule[s] 59 and 60,” Ala. R. Civ. P., on September 25, 2012. The trial court denied that motion on October 4, 2012. Wiley filed an appeal with this court on October 22, 2012.
In its brief to this court, Bohan-non asserts that Wiley’s appeal is untimely because his December 6, 2011, post-judgment motion was denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P., on March 5, 2012, and, thus, his appeal, filed more than seven months later, was untimely. We agree. Although Wiley’s December 6, 2011, motion invoked both Rule 59 and Rule 60(b), Ala. R. Civ. P., as authority for the motion, “[t]he ‘character of a [motion] is determined and interpreted from its essential substance, and not from its descriptive name or title.’ ” Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281, 1282 (Ala.1996) (quoting Union Springs Tel. Co. v. Green, 285 Ala. 114, 117, 229 So.2d 503, 505 (1969)). Wiley’s motion, which was filed within 30 days after the entry of the November 7, 2011, judgment, was, in substance and in legal effect, a motion to alter, amend, or vacate the judgment pursuant to Rule 59(e), Ala. R. Civ. P.
“ ‘It is well settled that [an appellate court] looks to the essence of a motion, not necessarily to its title, to determine how the motion is to be considered under the Alabama Rules of Civil Procedure. Ex parte Alfa Mutual General Ins. Co., [684 So.2d 1281 (Ala.1996) ]. [The Alabama Supreme Court] has held on several occasions that a motion filed within the 30-day limitation of Rule 59(e), seeking relief from a judgment that is available under Rule 59(e), should be treated as a Rule 59(e) motion to alter, amend, or vacate the judgment. See Ex parte Alfa Mutual General Ins. Co., supra; Sexton v. Prisock, 495 So.2d 581 (Ala.1986); Holt v. First National Bank of Mobile, 372 So.2d 3 (Ala.1979). See, also, Evans v. Wad- *531 dell, 689 So.2d 23 (Ala.1997) (noting that [the Alabama Supreme] Court has repeatedly construed a “motion to reconsider” a judgment, when it has been filed within 30 days after the entry of a final judgment, as a Rule 59(e) motion). A Rule 60(b) motion to set aside a judgment cannot be substituted for a Rule 59 motion so as to avoid the operation of Rule 59.1. See Matkin v. Smith, 531 So.2d 876 (Ala.1988); Ingram v. Pollock, 557 So.2d 1199 (Ala.1989). The Court of Civil Appeals has also recognized these principles. See, e.g., Conway v. Housing Authority of the Birmingham District, 676 So.2d 344 (Ala.Civ.App.1996); Ex parte Adams, 534 So.2d 626 (Ala.Civ.App.1988); Simmons v. Simmons, 390 So.2d 622 (Ala.Civ.App.1980).’
“Ex parte Johnson, 715 So.2d 783, 785-86 (Ala.1998) (emphasis added).”
Curry v. Curry, 962 So.2d 261, 263-64 (Ala.Civ.App.2007); see also Goodyear Tire & Rubber Co. v. Haygood, 93 So.3d 132, 140 n. 2 (Ala.Civ.App.2012) (“[B]e-eause Goodyear’s second postjudgment motion was filed within 30 days of the entry of the judgment, that postjudgment motion was required to be treated as a motion filed pursuant to Rule 59(e), not as a Rule 60(b), Ala. R. Civ. P., motion seeking relief from a judgment based on newly discovered evidence.”). A postjudgment motion that is not disposed of by the trial court within 90 days is considered denied by operation of law. See Rule 59.1, Ala. R. Civ. P. As noted earlier, in the present case, Wiley’s December 6, 2011, post-judgment motion was denied by operation of law on March 5, 2012.
Under subdivisions (1) and (3) of Rule 4(a), Ala. R.App. P., a notice of appeal must be filed either within 42 days after the trial court has acted upon a timely filed postjudgment motion or within 42 days after such a motion has been denied by operation of law pursuant to Rule 59.1. Therefore, the 42-day period in which Wiley could have filed a timely appeal expired on April 16, 2012. As noted above, Wiley filed a notice of appeal on October 22, 2012. For the reasons set forth herein, Wiley did not timely file a notice of appeal. Accordingly, we dismiss this appeal for lack of jurisdiction. See Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”).
In dismissing the appeal, we note that the trial court’s orders entered on June 5 and September 11, 2012, were entered after the trial court lost jurisdiction of the matter on March 5, 2012, and, thus, are void. As a result, we direct the trial court to vacate those orders.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON. P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Section 25-5-56, Ala.Code 1975, provides, in pertinent part, that "[u]pon settlements being approved, judgment shall be entered thereon and duly entered on the records of the court in the same manner and have the same effect as other judgments or as an award if the settlement is not for a lump sum." We note that, although the trial court’s November 7, 2011, judgment was prompted by Bohannon’s motion to enforce, that judgment was also, effectively, a final judgment approving the settlement agreement. See Rule 58(a), Ala. R. Civ. P. (discussing the methods of rendering an order or judgment).