INGRAM, Judge.
Marshall Construction & Repair, Inc. (Marshall), filed a petition for declaratory-relief, seeking to have the court determine whether an injury suffered by an employee, Richard Strickland, was compensable under the Alabama workmen’s compensation act, § 25-5-1 et seq., Ala.Code 1975. Following an ore tenus proceeding, the trial court determined that the employee’s injury did not “arise out of and in the course of his employment” and, therefore, was not compensable.
Strickland appeals.
Marshall is a Mobile, Alabama, company engaged in the commercial construction business. At the time of the accident, Strickland had been employed by Marshall for approximately two years.
On September 3, 1987, the date of the accident, Strickland delivered materials for Marshall to a job in progress near Fort Walton Beach, Florida. After making the delivery, Strickland and Paul Hoffman, also an employee of Marshall, drove the company truck back to Mobile. They arrived at Marshall at approximately 7:00 p.m. The office was closed and locked, and all employees had left for the day. The front and rear gates to the yard were also locked. Hoffman unlocked the gate. Strickland and Hoffman drove the truck into the company lot and parked it. They left the lot, and Hoffman locked the gate behind them. Strickland did not know the combination to the locks. Hoffman drove Strickland to the rear of the lot, where Strickland’s car was parked. Hoffman then left to go home.
Shortly after Hoffman’s departure, Strickland remembered that his cigarettes, his shirt, his wallet, and his tool bag were in the company truck locked in the company lot. He then climbed the eight- to-ten-foot-high barbed wire-topped fence to retrieve his personal property from the truck. After gathering the items from the truck and in the course of climbing back over the fence, Strickland injured his foot when he jumped to the ground from the top of the fence. It is this injury that is at issue here.
The narrow issue before us is whether the injury arose out of and in the course of Strickland’s employment.
Section 25-5-51, Ala.Code 1975, provides that, for an injury to be compensable under the Alabama workmen’s compensation laws, the injury must be “caused by an accident arising out of and in the course of his employment.”
The term “arising out of” involves a causal relationship between the injury and the employment. Wiregrass Comprehensive Mental Health Clinic, Inc. v. Price, 366 So.2d 725 (Ala.Civ.App.1978). “The rational mind must be able to trace the resulting injury to a proximate cause set in motion by the employment and not by some other agency.” Moesch v. Baldwin County Electric Membership Corp., 479 So.2d 1271, 1272 (Ala.Civ.App.1985). The injury must have had its origin in a risk or danger incidental to the character of one’s employment. Lauderdale County Cooperative, Inc. v. Shook, 376 So.2d 199 (Ala.Civ.App.1979).
The term “in the course of” refers to time, place, and circumstances under which the accident took place.
“If an injury occurs within the period of his employment, at a place where he may reasonably be while he is reasonably performing the duties assigned, such injury may be said to have occurred in the course of his employment.”
Wiregrass, supra, at 726.
The phrases “arising out of” and “in the course of” are used conjunctively. Proof of one without proof of the other will not sustain an award. Anderson v. Custom Caterers, Inc., 279 Ala. 360, 185 So.2d 383 (1966). Whether an accident arises out of and in the course of the employment is determined by the facts and circumstances of each particular case and “not by reference to some formula.” Moesch, supra, at 1272. The burden rests upon the employee to bring himself within the previously interpreted requirements. Ray Motels, Inc. v. Griffin, 428 So.2d 107 (Ala.Civ.App.1983).
Applying the foregoing to the facts at bar, it is apparent that Strickland failed to meet his burden of proof. Concerning *593 the “in the course of” requirement, it is undisputed that the injury occurred at a time when Strickland’s employment had been terminated for the day. The undisputed testimony was that Strickland’s workday ended at the time the gate was earlier locked by Hoffman. Strickland’s activities were not performed under Marshall’s control or supervision. Marshall neither knew nor had any reason to expect Strickland to be in the lot after working hours. It was also undisputed that Strickland lacked the authority to be in the lot after working hours — this is evidenced by the fact that he was not even privy to the combination on the locks. We cannot say that Strickland’s injury occurred “in the course of” his employment.
Because of the conjunctive nature of the “arising out of and in the course of” phrase, we need go no further in determining that Strickland failed to meet his burden. However, we do find that there is considerable question as to whether the injury could even be said to be incidental to the employment. In other words, we similarly find that Strickland’s injury did not “arise out of” his employment.
Strickland asserts that his after hours journey into the Marshall lot was in order to retrieve his tool belt and other items so that he could be prepared and able to answer his employer’s demands to report to a new job site whenever directed to do so. Strickland asserts that his activity was for the benefit of Marshall and, therefore, incidental to his employment. Although there was testimony that Strickland had been told that at some time in the future he would be assigned to work on a project in Kissimmee, Florida, it is undisputed that he had received no order to report to the Kis-simmee job site on the following day or at any other stated time. In fact, Strickland testified that, at the time of the injury, his plans for the following morning were to report to Marshall’s Mobile office.
After reviewing the evidence, the trial court determined that Strickland’s unauthorized entrance into the lot was for the sole purpose of retrieving personal items he had left in the truck in which he had just been a passenger. The evidence offered by Strickland was apparently insufficient to convince the trial court that the employment was the proximate cause of the injury because the trial court concluded that Strickland’s conduct was not a risk or danger incidental to the character of his employment.
If there is any legal evidence to support the finding of fact by the trial court and if the trial court applied the correct law to such facts, we must affirm. Slimfold Mfg. Co. v. Martin, 417 So.2d 199 (Ala.Civ.App.1981). We find the trial court’s findings of fact and conclusions of law to be supported by the evidence and proper.
Strickland cites numerous cases in support of his argument. We find all of the cases distinguishable and find that none of them involves the situation we have here, namely, an ending of the duties of employment for the day, followed by a definite break between the duties of employment and a purely personal mission of the employee onto the employer’s premises. Strickland’s activities in this instance can easily be identified as something separate and apart and having nothing to do with the duties of his employment.
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.