Strickland appealed from a judgment for the employer in a workmen's compensation case in Mobile Circuit Court. The Court of Civil Appeals affirmed. 553 So.2d 591. On certiorari review, we reverse and remand.
The issue is whether Strickland's injury arose "out of and in the course of" his employment with Marshall Construction 
Repair, Inc. ("Marshall"), pursuant to Code 1975, § 25-5-51.
Marshall is located in Mobile, Alabama, and is involved in commercial construction in several states. On the day he was injured, Strickland drove a company truck, with some materials, to a Marshall work site in Ft. Walton, Florida. That afternoon, Strickland and another Marshall employee, Paul Hoffman, drove a company truck back to the home yard in Mobile. They arrived early that evening and, after unlocking the gate, drove into the lot and parked the truck. After leaving the premises and locking the gate, Hoffman drove Strickland to his automobile, where Strickland got out, and Hoffman departed to go home. Strickland then discovered that some personal items and his tool belt had been left in the lot. Strickland did not have the combination to the lock, so he climbed over the fence, retrieved the items, and attempted to climb back over the fence. When he jumped from the top of the fence, he injured his foot.
In its order affirming the trial court's judgment, the Court of Civil Appeals concluded that Strickland's workday had ended when he and Hoffman locked the gate and left. That court ruled that because "Strickland's activities were not performed under Marshall's control or supervision," his injury did not "arise out of and in the course of his employment." 553 So.2d at 593.
On appeal, Marshall argues that Strickland's purpose for going back into the yard was to retrieve some personal items after his workday had ended. Marshall points out that Strickland admitted that he had intended to return to the yard the following day for work and argues that that admission refuted his claim that he might be called out of town at any time.
At trial, Strickland testified that he was on call at the time of the accident, stating:
 "Q: Mr. Strickland, based on what you were told in Fort Walton about the Kissimmee job, what would your plans have been once you got back to Mobile regarding reporting to Marshall Construction or going down to Kissimmee?
 "A: Well, I'd just got my stuff ready and been waiting for whenever they told me to leave, you know, whenever they said to go. If they came by and told me or if they called my next-door *Page 595 
neighbor and told me to be ready the next morning or that night or three days later, you know, I just had to be ready you know, to go."
Marshall's president, Alvin Bell, testified as follows when asked about the necessity of Strickland's having his tools at a job:
 "THE COURT: And when he's called to a job, would you expect him to have that with him?
"A: Yes, sir."
The conclusion to be drawn from this testimony is that Strickland was on call at the time of the accident and that, had he been called to Kissimmee, Strickland would have been expected to have his tools with him. However, this alone does not entitle Strickland to recover for his injury. Recovery ultimately depends on whether the injury could be rationally traced to a "proximate cause set in motion by the employment."Massey v. United States Steel Corp., 264 Ala. 227, 230,86 So.2d 375 (1955). This is not the same as saying "but for the employment . . . the employee would not have been at the place of injury." Such a standard would be improper in the workmen's compensation context. Wiregrass Comprehensive Mental HealthClinic, Inc. v. Price, 366 So.2d 725, 726 (Ala.Civ.App. 1978), cert. denied, 366 So.2d 728 (Ala. 1979). Rather, this Court must look to see if the evidence indicates that the injured worker was "engaged in an act or service naturally related" to his employment. United States Steel Corp. v.Martin, 267 Ala. 634, 636, 104 So.2d 475 (1958).
When Strickland left the yard with Hoffman, his workday, technically, had come to an end. He had, as instructed, delivered the company truck back to the company lot in Mobile and, barring any unforeseen circumstances, he would return the next morning for work. However, he was aware he could be called at any time to report to Kissimmee, Florida. Although Alvin Bell testified that Strickland's being called to report for work on such short notice was unlikely, it was, nevertheless, a possibility. The fact that the gate had locked behind him is not enough to preclude recovery. This Court has held that an employee is covered under the Workmen's Compensation Act for "a reasonable time, space, and opportunity before and after while he is at or near his place of employment." Barnett v. BritlingCafeteria Co., 225 Ala. 462, 463, 143 So. 813 (1932). To make a blanket statement that coverage under this Act ends once a worker punches a clock or locks a door behind him would defeat the purpose of the Act. "The Workmen's Compensation Act was intended to serve a beneficent purpose, and should be liberally construed so as to effectuate its purpose and humane design."Wells v. Morris, 33 Ala. App. 497, 502, 35 So.2d 54 (1948).
The proximate cause of Strickland's injury was his desire to have his workbelt, as well as his personal effects, at hand should he be called to Florida on short notice. The fact that he intended to be in Mobile the next day is not determinative of whether Strickland had a work-related objective when he was injured. Instead, the inquiry is whether Strickland's injury naturally related to his employment. We determine that Strickland's injury was naturally related to his employment.
Accordingly, we reverse the judgment of the Court of Civil Appeals and remand this case to that court for the entry of an order remanding the case to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
MADDOX and HOUSTON, JJ., dissent, with opinion by HOUSTON, J.