INGRAM, Presiding Judge.
Carmella Michelle Belue (employee) filed an action against Prewett Mills Distribution Center (employer) pursuant to the Alabama Workmen’s Compensation Act, § 25-5-1 et seq., Ala.Code 1975. The employee alleged that she suffered an injury while in the line and scope of her employment which entitled her to workmen’s compensation benefits. After an ore tenus proceeding, the trial court found that the employee’s injury did not arise out of and in the course of her employment and, therefore, was not compensable. The employee appeals.
The dispositive issue on appeal is whether the trial court erred in finding that the employee’s accident did not arise out of and in the course of her employment.
The employee, an eighteen-year-old high school graduate, had been working for her employer for approximately one month pri- or to the accident. It was her job to pair socks and turn down the tops. She was trained at her job by Denise Thurman, the wife of the employee’s supervisor (Steve Thurman).
On the day of the accident, the employee was working an extra hour and was due to clock out at 11:00 p.m. Also, Steve, her supervisor, was going to work beyond 11:00 p.m. At that time, the employee drove Denise home and, upon leaving Denise’s house, was involved in an accident which rendered the employee a permanent paraplegic.
Our review in workmen’s compensation cases is limited to a determination of whether there was any legal evidence to support the trial court’s findings of fact. Ex parte Patterson, 561 So.2d 236 (Ala.1990). If any reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Patterson, supra.
As a general rule, accidents which occur while the employee is traveling to and from *852 work are not considered “arising out of and in the course of his employment.” Winn-Dixie Stores, Inc. v. Smallwood, 516 So.2d 716 (Ala.Civ.App.1987). There are, however, several well-established exceptions to this rule. Winn-Dixie, supra.
“ ‘Every case involving these words should be decided upon its own particular facts and circumstances and not by reference to some formula. But it is usually said that the phrase “arise out of” employment refers to employment as the cause and source of the accident.... We have said that the phrase “in the course of his employment” refers to the time, place and circumstances under which the accident took place. An injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be and while he is reasonably fulfilling the duties of his employment or engaged in some incident to it.” ’
Winn-Dixie, supra, at 719, quoting Massey v. United States Steel Corp., 264 Ala. 227, 230, 86 So.2d 375, 378 (1955).
Here, the trial court found that the employee and Denise “mutually agreed” that the employee would drive Denise home. However, the employee contends that she believed it was her responsibility to take the supervisor’s wife home. She testified that she did not volunteer to take Denise home, but was told by Denise that Steve said that she (employee) probably would take her (Denise) home. She testified that Steve was standing right there at the time and that she believed that if she did not take Denise home, she would not have a job. The employee further testified that she and Steve did not get along very well: “He was too strong and his personality, the way that I [perceived] it was either you do what he wanted you to do or else.... Or else he was going to give you a really hard time.” The employee further testified that Steve had given other employees a hard time. She also testified that she believed Steve would fire her if she did not do what he said. The evidence also reveals that the employee had to go out of her way on an unfamiliar road to take Denise home.
The conclusion to be drawn from this testimony is that the employee believed that she was required as part of her job to take the supervisor’s wife home. See Ex parte Strickland, 553 So.2d 593 (Ala.1989). Therefore, it appears to us that the only reasonable view of the evidence requires a finding that the employee’s injuries arose out of and in the course of her employment. This is especially true in view of the fact that the workmen’s compensation act is intended to serve a beneficent purpose and is to be liberally construed so as to effectuate its purpose and humane design. Strickland, supra.
In the past, this court has been comfortable in simply applying the maxim that “if there is any evidence to support the trial court’s position then we must affirm.” However, in view of two recent supreme court cases on this subject, we feel compelled to reexamine our approach. Patterson, supra; Strickland, supra.
In view of the above, as well as the overall purpose of the workmen’s compensation act, we feel compelled to reverse this case. We find that the only reasonable view of the evidence requires a finding that the employee’s injuries did arise out of and in the course of her employment.
Accordingly, the judgment of the trial court is reversed and remanded with instructions to conduct a proceeding consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON and RUSSELL, JJ., concur.