L. CHARLES WRIGHT, Retired Appellate Judge.
In October 1991 petitions were filed in the Juvenile Court of Houston County alleging that M.R. and R.C.R. were children in need of supervision because they were habitually truant from school. The petitions were filed pursuant to § 12-15-l(4)(a), Code 1975. A hearing was held in January 1992, at which time the mother of the alleged truant children made an oral motion to dismiss the petitions. The motion was based on jurisdictional grounds for failure to comply with the three-day written notice requirement of § 16-28-16, Code 1975. Argument was heard on the matter and certain facts were stipulated by the parties. The trial court denied the motion. The denial of the motion was certified for appeal under Rule 54, Alabama Rules of Civil Procedure. The mother appeals, asserting that the trial court erred in denying her motion to dismiss.
Although the trial court and the mother considered the motion as one for dismissal, we note that the court considered matters outside the pleadings when considering the motion. There was stipulation of fact and argument of counsel thereon. Such procedure converted the motion into one for summary judgment. Carmichael v. Riley, 534 So.2d 280 (Ala.1988).
A denial of a motion for summary judgment is not appealable. Parsons Steel, Inc. v. Beasley, 522 So.2d 253 (Ala.1988). It is inherently interlocutory in nature, and cannot be made final by a Rule 54(b), A.R.Civ.P., certification. Parsons Steel. Furthermore, these appeals are not by permission pursuant to Rule 5, A.R.A.P. Parsons Steel. Accordingly, the appeals are due to be dismissed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEALS DISMISSED.
All the Judges concur.