639 So.2d 1375 (1994)
STATE DEPARTMENT OF INDUSTRIAL RELATIONS
v.
John L. BARBER.
AV93000151.
Court of Civil Appeals of Alabama.
May 20, 1994.
George Cocoris, Gen. Counsel, Dept. of Indus. Relations, and Glenn Chaffin, Asst. Gen. Counsel, for appellant.
George C. Day, Jr. of Wilson & Day, Gadsden, for appellee.
ROBERTSON, Presiding Judge.
On February 19, 1993, the Board of Appeals for the Alabama Department of Industrial Relations (Board) denied John L. Barber's request for unemployment benefits pursuant to § 25-4-78(2), Ala.Code 1975. On March 3, 1993, Barber filed, in the Etowah County Circuit Court, a petition for judicial review of the Board's decision. In his petition, Barber also requested the trial court to enter an order staying the effect of the Board's decision pending the trial court's final determination.
On March 3, 1993 (the same date that Barber filed his petition), the trial court entered an order staying the enforcement of the Board's decision pursuant to § 41-22-20, Ala.Code 1975. The trial court's March 3 order had the effect of temporarily reinstating the effect of a December 28, 1992, decision rendered by an appeals referee for the Alabama Department of Industrial Relations (Department), who had awarded Barber unemployment benefits. However, the March 3 order included the condition that if the trial court found that the Board's decision was correct, then the Department would retain the right to claim or increase its claim against Barber for overpayment.
On March 11, 1993, the Department filed an objection to the trial court's March 3 order. On March 12, 1993, Barber filed a motion requesting that the trial court enter an order requiring the Department to show cause why it should not be held in contempt of court for its violation of the March 3, 1993, order. Following a hearing on April 22, 1993, the trial court entered an order on *1376 June 4, 1993, overruling the Department's objection and directing the Department to comply with its March 3 order.
On June 22, 1993, the Department filed a motion requesting relief from the stay pending appeal, pursuant to Rule 8, Ala.R.App.P. On August 13, 1993, Barber filed a motion requesting that the trial court enter an order requiring the Department to show cause why it should not be held in contempt for its violation of the June 4 order. The trial court granted the motion, setting a hearing for September 13, 1993.
Following the September 13 hearing, the trial court entered an order on October 18, 1993, staying the enforcement of its March 3 order, pending the Department's appeal to this court pursuant to Rule 8, Ala.R.App.P. In its October 18 order, the trial court specifically held:
"The Order from which appeal is sought to be taken by respondent is an interlocutory Order, but this Court is of the opinion as provided by Rule 5, Alabama Rules of Appellate Procedure, that the interlocutory Order involves a controlling question of law as to which there is substantial ground for difference of opinion...."
The Department appeals, contending that the trial court erred in determining that an administrative judicial decision denying unemployment benefits is subject to the stay provisions of § 41-22-20.
However, pursuant to Rule 5(a), Ala. R.App.P., "[a]ppeals of interlocutory orders are limited to those civil cases which are within the original appellate jurisdiction of the supreme court." Also, Rule 8, Ala. R.App.P., provides no alternative means of appealing from such an order to this court.
This court is without jurisdiction of an appeal from an interlocutory order, H.R. v. State Dep't of Human Resources, 609 So.2d 448 (Ala.Civ.App.1992). Consequently, this appeal is due to be dismissed.
APPEAL DISMISSED.
YATES, J., concurs.
THIGPEN, J., concurs specially.
THIGPEN, Judge, concurring specially.
It appears to me that the trial court attempted to make this order appealable by virtually tracking the language of pertinent parts of Rule 5, A.R.App.P., which specifically governs appeals by permission. The language within that rule expressly limits such appeals to the Supreme Court, and the Committee Comments specifically exclude cases appealable to this court. Because this case involves an appeal of an administrative agency, the appeal would not be to the Supreme Court, but it is proper to this court. Ala. Code 1975, § 12-3-10.