This is a workers' compensation case.
Bobby R. Crane sued his employer, American Cast Iron Pipe Company (ACIPCO), for workers' compensation benefits. The complaint alleged that on August 6, 1992, Crane received a back injury in the course of his employment. Crane amended his complaint to further allege that he received a back injury on November 5, 1993, in the course of his employment with ACIPCO. The case was tried on October 30, 1995. On March 6, 1996, the trial court entered its order in which it found that Crane suffered a 95% permanent partial disability and awarded Crane workers' compensation benefits for that injury. The trial court's order also stated:
 "The parties stipulate and the Court finds that the plaintiff is receiving $794.08 per month in disability payments from the employer. The disability plan has a set-off *Page 1390 
provision for any worker's compensation benefits paid to the plaintiff."
The trial court's order awarding benefits to Crane stated that the benefits payable would be subject to the provisions of the disability plan.
Crane filed a post-judgment motion requesting the trial court to alter, amend, or vacate its judgment and enter a finding that Crane suffers a 100% permanent disability, or, in the alternative, grant Crane a new trial. Crane amended his post-judgment motion to allege that ACIPCO is not entitled to a set-off of Crane's disability pension for workers' compensation benefits received. By notation in the case action summary dated April 12, 1996, the trial court ruled:
 "The plaintiff's motion for post-judgment relief is denied except that portion of the order relating to a set off for disability benefits paid. Upon motion of a party, the Court will conduct a hearing based upon the findings in [Sanders v. Dunlop Tire Corp., [Ms. 2940623, Feb. 16, 1996] ___ So.2d ___ (Ala.Civ.App. 1996)], as it relates to that portion of the Court's order providing for set off."
On May 7, 1996, Crane moved for a hearing on the set-off issue. Then, on May 9, 1996, Crane filed his notice of appeal.
Crane's appeal, and that, therefore, the appeal should be dismissed. An order must be a final judgment before it can support an appeal. § 12-22-2, Ala. Code 1975. A final judgment is an order that "conclusively determines the issues before the court and ascertains and declares the rights of the parties involved." Lunceford v. Monumental Life Ins. Co.,641 So.2d 244, 246 (Ala. 1994) (citations omitted). In other words, a final judgment must adjudicate all matters in controversy between the litigants. Scunziano v. Scunziano, 630 So.2d 64
(Ala.Civ.App. 1993), cert. quashed, 630 So.2d 66 (Ala. 1993).
An order that "adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties" and "is subject to revision at any time before entry of [a] judgment adjudicating all the claims and the rights and liabilities of all the parties." Lunceford, supra, at 246 (citing, Rule 54(b), Ala. R. Civ. P., and Hallman v. MarionCorp., 411 So.2d 130 (Ala. 1982)). Such an order is interlocutory unless the trial court certifies the judgment as final pursuant to Rule 54(b). Id. This court lacks jurisdiction to hear the appeal from an interlocutory order. Shirt Depot v.Ritter, 660 So.2d 1017 (Ala.Civ.App. 1995) (citing, Rule 5(a), Ala.R.App. P., and State Dep't of Industrial Relations v.Barber, 639 So.2d 1375 (Ala.Civ.App. 1994)).
In the present case, the trial court initially entered a final judgment adjudicating all issues pertinent to Crane's workers' compensation claim. However, upon Crane's motion for post-judgment relief, the trial court ruled that the "motion for post-judgment relief is denied except that portion of the order relating to a set off for disability benefits paid." Although stated in the negative, this order grants the relief Crane requested regarding the set-off, and reserves further judgment until after a hearing on the issue. By granting a portion of Crane's motion and reopening the set-off issue, the trial court set aside a portion of its previous judgment; thus, there is now no final judgment that can be appealed to this court. Because of this court's lack of jurisdiction, this appeal is due to be dismissed.
APPEAL DISMISSED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.