KENNEDY, Justice.
The State of Alabama petitions for a writ of mandamus directing the Montgomery County Circuit Court to vacate its order transferring an inverse condemnation action to the Madison County Circuit Court. The inverse condemnation action was filed by Rex B. Brown; it was transferred to Madison County to be consolidated with the State’s eminent domain action regarding the same property.
The writ of mandamus is an extraordinary writ that applies “where a party seeks emergency and immediate appellate review of an order that is otherwise interlocutoiy and not appealable.” Rule 21(e)(4), Ala. R.App.P. In order for this Court to issue a writ of mandamus, the petitioner must show that there is: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Bloodsaw, 648 So.2d 553 (Ala.1994).
In December 1992, Brown filed in the Madison Circuit Court an inverse condemnation action, concerning the State’s alleged taking of Brown’s property for the building of a road. In July 1993, the State filed an eminent domain action in the Madison County Probate Court regarding a portion of the same property. In June 1994, Brown amended his complaint to add as a defendant G.M. Roberts, in his capacity as director of the Alabama Department of Transportation. In February 1995, the State filed an “amendment to motion to dismiss,” requesting the court to transfer the inverse condemnation action to the Montgomery Circuit Court pursuant to Ex parte Neely, 653 So.2d 945 (Ala. 1995). That request was granted, and the action was transferred to the Montgomery Circuit Court. In September 1996, Brown filed a motion requesting that the Montgomery Circuit Court transfer the action back to the Madison Circuit Court to be consolidated with the State’s eminent domain action, which was on appeal to that court from a judgment of the Madison Probate Court. The Montgomery Circuit Court granted that motion. The State then filed this petition, requesting that this Court order the Montgomery Circuit Court to vacate that order, on authority of Neely, supra.
In Neely, this Court considered a petition for a writ of mandamus stemming from an inverse condemnation action. The property that was the subject of the action was located in Madison County, and the inverse condemnation action was filed in the Madison Circuit Court. On the motion of the State, the Madison Circuit Court transferred the action to the Montgomery Circuit Court; the petitioner requested this Court to order the Madison Circuit Court to vacate its transfer order. This Court held that venue was proper in Montgomery County, stating:
“Based on the foregoing and on public policy considerations directed toward preventing inconvenience, hindrance, and delay to the successful conduct of the functions of state government, ... we hold that, absent statutory authority to the contrary, the proper venue for inverse condemnation actions against a state agency or a state officer should be the same as the proper venue for any other action against a state agency or officer — that is, absent statutory authority to the contrary, venue for inverse condemnation actions against a state agency or a state officer should be in the county of the official residence of the agency or officer.”
Neely, 653 So.2d at 947 (citations omitted).
Although Neely would, on its face, appear to apply to Brown’s inverse condemnation action, we believe that the facts of this case demonstrate that the trial court did not err in transferring this action back to Madison County for consolidation with the State’s eminent domain action, which concerned portions of the same property. This case is unlike Neely in that in this case the State has filed an eminent domain action concerning the same property in Madison County. It is clear that trying the inverse condemnation action in the Montgomery Circuit Court, while allowing the State’s eminent domain *1344 action to be tried in the Madison Circuit Court, could potentially result in inconsistent verdicts regarding the same property. To aid in preventing inconsistent verdicts, the Montgomery Circuit Court properly granted Brown’s motion to transfer the inverse condemnation action to the Madison Circuit Court. The consolidation of these actions, which relate to, and arise from, the same property, promotes judicial economy; it will “[avoid] needless repetition and [eliminate] the possibility that different factfinders might reach contradictory results on the same facts.” Mississippi Valley Title Ins. Co. v. Hardy, 541 So.2d 1057, 1060 (Ala.1989). The Montgomery Circuit Court acted correctly in the circumstances of this case.
For these reasons, the State does not have a “clear legal right” to the relief it seeks. Ex parte Bloodsaw, supra. Therefore, its petition for a writ of mandamus is denied.
WRIT DENIED.
MADDOX, SHORES, HOUSTON, BUTTS, and SEE, JJ., concur.
COOK, J., concurs in the result.
HOOPER, C.J., dissents.