707 So.2d 251 (1997)
Ex parte Kenneth Lance JOHNSON.
(Re Kenneth Lance JOHNSON v. Sharon Brown JOHNSON).
Kenneth L. JOHNSON
v.
Sharon Brown JOHNSON.
2960817, 2960826.
Court of Civil Appeals of Alabama.
November 7, 1997.
*252 Alvin T. Prestwood, Dean Hartzog, and Daniel L. Feinstein of Volz, Prestwood, Hanan, Foshee & George, P.C., Montgomery, for appellant/petitioner.
Donald M. Briskman, Mobile, for appellee/respondent.
THOMPSON, Judge.
On December 8, 1995, the trial court divorced Kenneth Lance Johnson and Sharon Brown Johnson, and in its divorce judgment the court incorporated an agreement between the parties and, in accordance with that agreement, divided their marital property. On January 5, 1996, the wife filed a motion entitled "Motion to Set Aside the Judgment," in which she alleged that she had entered into the agreement based on misrepresentations by the husband about his employment and future prospects for employment. On February 18, 1997, the husband filed a motion to have the proceedings terminated; in that motion the husband contended that the wife's January 5, 1996, motion was made subject to Rule 59.1, Ala. R. Civ. P., and therefore had been denied by operation of law.
The trial court conducted a hearing on March 12, 1997, on the motions. During that hearing, the trial court ruled that because the substance of the January 5, 1996, motion concerned alleged misrepresentations made by the husband, that motion was made pursuant to Rule 60(b)(3), Ala. R. Civ. P. The trial judge purported to grant the husband permission to appeal that interlocutory ruling to this court. On March 13, 1997, the trial court entered a written order in conformance with that ruling.
The husband petitioned for a writ of mandamus (case 2960817), requesting that this Court issue a writ directing the trial court to set aside its March 13, 1997, order as void for want of jurisdiction because the order was entered more than 90 days after the filing of the January 5, 1996, motion, which the husband alleges was made pursuant to Rule 59, Ala. R. Civ. P. The husband also appeals the March 13, 1997, order (case 2960826).

The Appeal (No. 2960826)
The husband appeals from the March 13, 1997, order in which the trial court declared that the wife's January 5, 1996, motion was one made pursuant to Rule 60(b)(3) rather than one made pursuant Rule 59, Ala. R. Civ. P. Ordinarily, an appeal can be taken only from a final order. § 12-2-2, Ala.Code 1975. A final order is one that "adjudicate[s] all matters in controversy between the litigants." Crane v. American Cast Iron Pipe Co., 682 So.2d 1389, 1390 (Ala.Civ.App.1996). Thus, the March 13, 1997, order is clearly not a final order.
"Appeals of interlocutory [i.e., nonfinal] orders are limited to those civil cases which are within the original appellate jurisdiction of the Supreme Court." Rule 5(a), Ala. R.App. P. This court has no jurisdiction of this appeal; thus, this appeal must be dismissed. See Crane v. American Cast Iron Pipe Co., 682 So.2d 1389 (Ala.Civ.App.1996); Shirt Depot v. Ritter, 660 So.2d 1017 (Ala.Civ.App. 1995).

*253 The Petition for the Writ of Mandamus (No. 2960817)
"The writ of mandamus is an extraordinary writ that applies `where a party seeks emergency and immediate appellate review of an order that is otherwise interlocutory and not appealable.' Rule 21(e)(4), Ala. R.App. P. In order for this Court to issue a writ of mandamus, the petitioner must show that there is: `(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Bloodsaw, 648 So.2d 553 (Ala.1994)."
Brown v. State, 694 So.2d 1342, 1343 (Ala. 1997). A petition for a writ of mandamus will not be granted absent a clear showing that the trial court has abused its discretion. Ex parte DCH Regional Medical Center, 571 So.2d 1162 (Ala.Civ.App.1990).
The husband argues that the wife's January 5, 1996, "Motion to Set Aside Judgment of Divorce" was a Rule 59 motion and was therefore denied by operation of law after 90 days, pursuant to Rule 59.1. The wife argues, and the trial court ruled, that the motion was a Rule 60(b) motion and therefore had not been denied by operation of Rule 59.1.
In determining the nature of a motion, we look at its substance and not at its title. Ex parte Alfa Mut. General Ins. Co., 684 So.2d 1281 (Ala.1996); Belue v. Prewett Mills Distribution Center, 581 So.2d 850 (Ala.Civ.App.1990). "The `character of a pleading' is determined and interpreted from its essential substance, and not from its descriptive name or title." Ex parte Alfa Mut. General Ins. Co., 684 So.2d at 1282. The wife alleged in her motion that when they were negotiating the divorce agreement, the husband "took the position" that he was no longer employed as a professional baseball player and that he had no future prospects of employment as a professional baseball player. Although the wife did not specifically use the word "fraud," the trial court interpreted the substance of the wife's motion to bring the motion under Rule 60(b)(3), which provides for relief from a judgment on the ground of fraud, misrepresentation, or misconduct. At the March 12, 1997, hearing, the trial judge stated, "I am treating it [as a Rule 60(b) motion] in light of the overwhelming allegations of fraud and inducement in signing the [divorce agreement]." We cannot say that the trial court abused its discretion in determining that the January 5, 1996, motion was made pursuant to Rule 60(b). Therefore, we deny the husband's petition for a writ of mandamus.
APPEAL DISMISSED; WRIT DENIED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur in the result.
CRAWLEY, J., concurs in part and dissents in part.
CRAWLEY, Judge, concurring in part and dissenting in part.
Although I concur with the dismissal of the appeal, I respectfully dissent from the denial of the petition for the writ of mandamus. The trial court's decision to treat the wife's post-judgment motion as a Rule 60(b), Ala. R. Civ. P., motion was error and the husband is entitled to relief.
Because the wife's motion was filed within 30 days of the judgment and sought relief available under Rule 59, Ala. R. Civ. P., it should have been treated as a Rule 59 motion. Sexton v. Prisock, 495 So.2d 581 (Ala. 1986); Simmons v. Simmons, 390 So.2d 622 (Ala.Civ.App.1980). Allowing the trial court to treat the pleading as a Rule 60(b) motion permits Rule 60 to destroy Rule 59.1. See Ex parte Adams, 534 So.2d 626 (Ala.Civ.App. 1988). The fact that the substance of the wife's motion alleged fraud makes no difference. See Ex parte Alfa Mutual General Ins. Co., 684 So.2d 1281 (Ala.1996). Because the wife's motion was not ruled on in 90 days, it was denied by operation of law and the trial court had no jurisdiction to entertain it as a Rule 60(b) motion.
The law is clear in this case. The husband is entitled to mandamus relief. This court *254 should not be swayed by what appear to be the equities in favor of the wife.