The record indicates the following procedural history: On November 1, 1995, the *Page 1020 
State of Alabama, on behalf of Annie D. Provitt, filed a complaint seeking a determination of paternity and child support in the Circuit Court of Montgomery County, child support division ("Circuit Court CSD") (CS-95-986). In January 1996, an order determining Coleman to be the father and ordering him to pay child support was entered by Referee Paul Heibel and confirmed by Circuit Court Judge John Davis in the Circuit Court CSD. The State sought a modification of child support on November 16, 1999, in the Circuit Court CSD (CS 95-986). After conducting an ore tenus proceeding, Referee Heibel entered an order modifying support on February 1, 2000; that order reserved the issue of arrearage and interest and was confirmed by Judge Richard Dorrough on February 2, 2000. On February 29 2000, a revised order was entered against Coleman; Judge Dorrough confirmed that order on March 3, 2000.
On March 14, 2000, Coleman filed a document in the Circuit Court CSD titled "Motion to Transfer Case to Circuit Court and Motion to Interplead or Pay Funds into the Circuit Court." He requested in part, that the "Circuit Court of Montgomery County, Domestic Relations division, . . . allow him to pay into the Court the sum of. . . ." On March 15, 2000, Judge John Capell granted the transfer to the Circuit Court, Domestic Relations Division ("Circuit Court DRD").
After conducting an ore tenus proceeding, Judge Capell as the circuit judge, Circuit Court DRD, entered a detailed five-page order on June 12, 2000, stating, in part:
 "This matter came before the Court from the Child Support Division upon the Petition for Review filed by [Coleman]. [Coleman] requested this Court to review the determination made by the Montgomery County Department of Human Resources that he owed $401.83 in unpaid interest payments on previously assessed arrearage. At the date and time of the hearing, [Coleman] appeared and was represented by . . . [Provitt] and [DHR] were represented by. . . Also present was the DHR social worker representative.
 "After hearing the testimony and reviewing the evidence presented by [Coleman] and DHR, the Court finds that there is no arrearage in existence and further, that no interest is owed by [Coleman]."
On June 26, 2000, the State filed a notice of appeal, indicating that the appeal was from the child support division to the Circuit Court of Montgomery County. On August 18, 2000, Coleman moved to dismiss "the appeal for trial de novo filed by the Child Support Division of the Montgomery County District Attorney's Office." Coleman argued in part,
 "1. This above-styled matter was initially filed by [Provitt] in the Child Support Division of the Montgomery County District Attorney's Office.
 "2. Coleman subsequently timely filed an appeal for a trial de novo to the Circuit Court of Montgomery County to challenge the DA's position that he was in arrears in child support payments. . . .
 "3. On April 19, 2000, Honorable John Capell, Circuit Judge of the 15th Judicial District, heard the evidence and entered four (4) exhibits filed by [Coleman] in support of his position that no monies were owed.
 "6. On or about June 26, 2000, the DA's Office filed an appeal citing Rule 28(E) of the Alabama Rules of Juvenile Procedure. This rule allows an appeal to the Circuit Court for trial de novo. This rule does not allow for an appeal from the Circuit Court to a different *Page 1021 
 circuit judge in the same Circuit Court for trial de novo. This is not allowed under any construction of the various rule of procedure. . . .
 "7. Furthermore, there is no procedure or authority by which a circuit judge in one division of a circuit, i.e., Civil Division of the 15th Judicial Circuit, is allowed to review the Order from a peer circuit judge in the same judicial circuit, i.e., Family Court Division of the 15th Judicial Circuit. If such a review de novo were allowed, Family Court judges in Montgomery County could be requested to preside over de novo trials from the civil and criminal divisions of the Montgomery County Circuit Courts.
 "8. Because an Order has been issued pursuant to a circuit court trial de novo, the appeal should have been properly filed and an appeal from the Montgomery County Circuit Court to the Alabama Court of Civil Appeals."
On October 18, 2000, Judge Shashy, circuit court judge, dismissed the case, noting, "No one appeared from the DA's Office." On October 27, 2000, the State moved to vacate the judgment of dismissal and to reinstate the case. They argued in part, that Judge Capell had held a rehearing rather than a trial de novo and that they were appropriately appealing to a circuit court, pursuant to Rule 28(E), Ala. R. Juv. P. Judge Shashy denied the motion on December 18, 2000.
This court has consistently held that "[i]n determining the nature of a motion, we look at its substance and not at its title." Ex parteJohnson 707 So.2d 251, 253 (Ala.Civ.App. 1997). It appears from the record that Judge Capell was acting in his capacity as circuit court judge for the domestic relations division, which is separate from the child support division within the juvenile court. I disagree with the main opinion's characterization that "merely because the juvenile court
conducted a de novo rehearing" the circuit court was the proper court to hear the State's appeal. Accordingly, I would remand the case to the circuit court that denied the appeal, with instructions that the case be sent to Judge Capell to determine whether a trial de novo was held pursuant to Rule 28(B) Ala. R. Juv. P., and whether there is an adequate record for appeal.