MURDOCK, Judge.
This is an appeal filed by Delphi Automotive Systems, L.L.C., from a judgment entered by the Tuscaloosa Circuit Court awarding workers’ compensation benefits to Debra M. Law. We have concluded that the appeal is due to be dismissed as being from a nonfinal judgment.
*1107 It is undisputed that on November 8, 1999, Law suffered an accidental' neck injury arising out of and in the course of her employment at Delphi. Thereafter, Law underwent “an anterior cervical diskecto-my and fusion at C6-7 with a bone graft from [her] hip and a titanium metal plate.” Law reached maximum medical improvement on approximately March 13, 2000. However, she was allegedly unable to return to work because of her neck injury.
In September 2001, Law filed a complaint in the trial court alleging that she had suffered a permanent total disability as a result of her neck injury and that she suffered from an occupational disease that was peculiar to her occupation and seeking workers’ compensation benefits. After conducting an ore tenus proceeding, the trial court entered a judgment on September 5, 2003, awarding Law workers’ compensation benefits based on its determination that she had suffered a permanent total disability as a result of an injury sustained in the line and scope of her employment at Delphi. The trial .court also determined that Law suffered from “major depressive disorder” as a proximate result of her injury. The trial court awarded Law permanent-total-disability benefits in the amount of $510 per week from March 13, 2000, forward.
In addition to determining the amount of Law’s permanent-total-disability benefits, the trial court also determined that, pursuant to Ala.Code 1975, § 25 — 5—57(c)(1), Delphi was entitled to a “setoff’ for sickness- and accident-benefit-plan payments and disability-retirement-plan payments that it had made to Law before trial and for disability-retirement-plan payments that it might make to Law in the future. However, the trial court noted that Law had recently received a partially favorable decision from the United States Social Security Administration (“the SSA”) in a case that she had filed seeking Social Security disability benefits. According to the trial court’s judgment, the greater Law’s Social Security disability award, the less Law would be entitled to receive under Delphi’s sickness-and-aecident benefit plan and under its disability-retirement benefit plan. This would in turn affect the amount of the setoff Delphi was entitled to receive in regard to its workers’ compensation obligation. However, the trial court noted that at the time of trial the parties had not determined the “precise adjustments to [Delphi’s] setoff claims” as a result of the recent Social Security benefits award. In regard-to.the setoff, the trial court stated:
“The parties shall have 30 days from the date of entry of this Order to calculate the impact of [Law’s] recent Notice of Award of Social Security benefits upon the [sickness-and-accident] and disability setoff or credit. The Court anticipates that the parties will jointly stipulate regarding the information. If, however, a stipulation cannot be achieved, the Court expects that the parties will each submit their positions with respect to the Social Security Disability impact on [Delphi’s] setoff in writing within said 30 day period of time.”
Despite the foregoing statement by the trial court, on September 29, 2003, Delphi filed a motion for a new trial or, in the alternative, to alter, amend, or vacate the judgment.
In November 2003, the parties filed a joint stipulation regarding the proper amount of the setoff. However, on February 5, 2004, before the trial court took any action on the parties’ joint stipulation, Delphi filed a notice of appeal.
In May 2004, the trial court entered an “Order of Modification,” adopting the set-off calculations that the parties had presented in their joint stipulation. The trial court also “considered the matters” that *1108 Delphi had asserted in its purported post-judgment motion, but the trial court opined that the motion had been premature “as this Court’s prior Order reserved jurisdiction to modify and adjust numerous calculations and directed the parties to provide the Court with further information.”
On appeal, Delphi contends' that there is not substantiál evidence to support the trial court’s determination that Law suffered a permanent total disability and that the court erred in several other respects. Law contends, in part, that the September 2003 judgment was a nonfinal judgment and that Delphi’s appeal is therefore due to be dismissed.
It is well settled that a ruling that relates to fewer than all the parties in a case, or that determines fewer than all the claims, is ordinarily not final as to any of the parties or as to any of the claims. Rule 54(b), Ala. R. Civ. P.; see McGlothlin v. First Alabama Bank, 599 So.2d 1137 (Ala.1992); see also Horton v. Horton, 822 So.2d 431 (Ala.Civ.App.2001). A “final judgment is a ‘terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.’ ” Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App.1990) (quoting Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App.1986)). The question whether a judgment is final is a jurisdictional question. See Jim Walter Homes, Inc. v. Holman, 373 So.2d 869, 871 (Ala.Civ.App.1979).
In Crane v. American Cast Iron Pipe Co., 682 So.2d 1389 (Ala.Civ.App.1996), the trial court had entered a final judgment in a workers’ compensation case; among other things, the judgment adjudicated the issue of the employer’s right to a setoff for payments due the employee under a disability plan. In response to a timely post-judgment motion filed by the employee, the trial court entered an order stating that the “ ‘motion for post-judgment relief is denied except that portion of the order relating to a set off for disability benefits paid.’ ” Crane, 682 So.2d at 1390. This court then opined:
“Although stated in the negative, this order grants the relief [the employee] requested regarding the set-off, and reserves further judgment until after a hearing on the issue. By granting a portion of [the employee’s] motion and reopening the set-off issue, the trial court set aside a portion of its previous judgment; thus, there is now no final judgment that can be appealed to this court. Because of this court’s lack of jurisdiction, this appeal is due to be dismissed.”
682 So.2d at 1390.
In its September 2003 judgment, the trial court in this case deferred entry of a final judgment until the parties had had an opportunity to provide the court with additional information regarding the proper amount of the setoff to which Delphi was entitled as a consequence of the Social Security benefits award Law had already received. The September 2003 judgment therefore did not completely adjudicate the matters in controversy between the parties. Thus, it is a nonfinal judgment that will not support an appeal. See Crane, supra; see also, e.g., Sign Plex v. Tholl, 863 So.2d 1113 (Ala.Civ.App.2003).[1]
In its reply brief, Delphi contends that the September 2003 judgment and the *1109 trial court’s May 2004 “Order of Modification,” together, are sufficiently final to support an appeal. However, Delphi’s February 5, 2004, notice of appeal divested the trial court of jurisdiction to rule upon the remaining issues in the workers’ compensation action. See Horton, 822 So.2d at 434; see also Thames v. Gunter-Dunn, Inc., 365 So.2d 1216 (Ala.1979); and Foster v. Greer & Sons, Inc., 446 So.2d 605, 608 (Ala.1984) (noting the general rule that “jurisdiction of a case can be in only one court at a time” and stating that until an appellate court concludes that it lacks jurisdiction over an appeal, both the trial court and the appellate court are “bound by” the presumption that the appellate court has jurisdiction). Therefore, the May 2004 order is a nullity. Horton, supra.
Based on the foregoing, we must dismiss Delphi’s appeal as being- from a nonfinal judgment.
APPEAL DISMISSED.
.CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.

. In both the September 2003 judgment and the May 2004 order, the trial court also acknowledged that Law had appealed the SSA’s determination of her Social Security disability benefits and that the court was retaining jurisdiction to recalculate Delphi’s setoff in the event that Law’s appeal was successful. Because we must dismiss this appeal on the basis stated in the text, we do not reach the issue whether the possibility of Law’s being *1109 successful in the future in her appeal of the award of Social Security benefits also prevents the trial court’s judgment from being final and appealable.